UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x
MICHAEL MCGREGOR, ZACHARY GIAMBALVO,
PAUL FELICE, MATTHEW OLIVIERI, EDWARD
NEWMAN, and DARK STORM INDUSTRIES, LLC,

                  Plaintiffs,                                23 Civ. 1130 (GRB) (ARL)

   -against-

SUFFOLK COUNTY, New York,                           **DECLARATION OF**
Police Commissioner RODNEY HARRISON,            **AMY L. BELLANTONI**
in his Official Capacity, and Acting Superintendent    **PURSUANT TO LOCAL**
STEVEN NIGRELLI, in his Official Capacity,             **RULE 6.1(d)**

                  Defendants.
----------------------------------------------------------------------x

       AMY L. BELLANTONI, an attorney duly admitted to practice law, declares pursuant to 28 U.S.C. § 1746:

       1.      I am the Principal of The Bellantoni Law Firm, PLLC attorneys for the plaintiffs in the above-captioned matter. I am admitted to practice law before the United States District Court for the Eastern District of New York, as well as the Southern and Northern Districts of New York, and the District of Columbia, the Second Circuit Court of Appeals, and the United States Supreme Court.

       2.      I have personal knowledge of the facts set forth herein based upon a review of the file maintained by my office in this matter, research, and discussions with my clients and others having personal knowledge of the facts giving rise to this litigation and the instant application. If called as a witness, I could and would testify competently to the truth of the matters set forth herein.

1

3. I submit this Declaration as required by SDNY Local Rule 6.1(d), which requires a clear and specific showing of good and sufficient reasons why proceeding by order to show cause on the accompanying motion for a preliminary and permanent injunction is necessary, rather than by Notice of Motion.

4. The following reasons establish good and sufficient reasons to proceed by Order to Show Cause on Plaintiffs' motion for a preliminary and permanent injunction in this matter.

5. Plaintiffs are suffering ongoing and irreparable harm caused by the enforcement of Senate Bill 9458 (the "Rifle Bill"), which criminalizes and therefore bans conduct presumptively protected by the plain text of the Second Amendment.

6. Specifically, among other restrictions, the Rifle Bill prevents ordinary citizens from taking possession of and/or purchasing rifles in common use for self-defense, the violation of which results in arrest, incarceration, fines, and other criminal and civil penalties including the permanent loss of Second Amendment rights.

7. Under the Rifle Bill, New Yorkers are for the first time ever required to subject themselves to the same discretionary and subjective licensing scheme that has been applied to handguns since 1911. There is no historical tradition of licensing long guns and New York's regulations are repugnant to the plain text of the Second Amendment.

8. What's more, for those individuals living within the jurisdiction of the Suffolk County Police Department (SCPD), like Plaintiffs McGregor, Giambalvo, Felice, and Olivieri, no Rifle License required to be obtained under Penal Law § 400.00(2) can either be applied for or obtained. Meaning that Plaintiffs McGregor, Giambalvo, Felice, and Olivieri and all other similarly situated individuals can no longer exercise their right to take possession of, transfer, purchase, and/or receive semiautomatic rifles. Period.

9. For Plaintiffs Edward Newman and Dark Storm Industries LLC ("DSI"), the largest manufacturer of semiautomatic rifles in New York State, their ability to sell semiautomatic rifles to the public – also a protected right under the Second Amendment – is being denied.

10. Additionally, DSI has customers and potential customers who have present plans to purchase a semiautomatic rifle who do not have a Rifle License, cannot obtain a Rifle License, and/or will not subject themselves to a discretionary licensing scheme to obtain a Rifle License, and therefore are barred from engaging in Second Amendment protected conduct and on whose behalf they are suing as well.

11. As set forth in the accompanying Memorandum of Law and in Plaintiffs' Complaint, the Rifle Bill constitutes a complete ban on conduct that is presumptively protected by the Second and Fourteenth Amendments and it cannot survive the *Bruen* test announced by the Supreme Court in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022).

12. Proceeding by Order to Show Cause will place this matter before the Court significantly more expeditiously than by proceeding by Notice of Motion, which under the Court's Individual Rules of Practice ("Individual Rules") in Civil Cases, requires non-dispositive motions to be made by "letter motion", which would further extend the time for adjudicating Plaintiffs' application.

13. Good and sufficient reason having been shown, Plaintiffs request that their motion for a preliminary and permanent injunction proceed by Order to Show Cause rather than Notice of

Motion.

Dated: Scarsdale, New York
       February 17, 2023

                                    THE BELLANTONI LAW FIRM, PLLC
                                    *Attorneys for Plaintiffs*

                                    */s/ Amy L. Bellantoni*
                                    Amy L. Bellantoni (AB3061)
                                    2 Overhill Road, Suite 400
                                    Scarsdale, New York 10583
                                    abell@bellantoni-law.com