UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
MICHAEL MCGREGOR, ZACHARY GIAMBALVO,
PAUL FELICE, MATTHEW OLIVIERI, EDWARD
NEWMAN, and DARK STORM INDUSTRIES, LLC,

        Plaintiffs,      23 Civ. 1130

 -against-

                 DECLARATION OF
SUFFOLK COUNTY, New York,      MICHAEL MCGREGOR
Police Commissioner RODNEY HARRISON,
in his Official Capacity, and Acting Superintendent
STEVEN NIGRELLI, in his Official Capacity,

        Defendants.
-----------------------------------------------------------------x

  MICHAEL MCGREGOR, declares pursuant to 28 U.S.C. § 1746 that:

  1. I am a plaintiff in the above-captioned matter. I make this Declaration of my own personal knowledge and if called as a witness, I could and would testify competently to the truth of the matters set forth herein.

  2. I submit this Declaration in support of Plaintiffs' application to preliminarily and permanently enjoin the entirety of New York State Senate Bill 9458, referred to herein as the "Rifle Bill", which is a violation of my rights as presumptively protected by the Second and Fourteenth Amendments.

  3. I am a resident of Suffolk County, New York and a practicing physician.

  4. I have no prohibitors to the possession, purchase, receipt, and transfer of handguns, rifles, and shotguns under federal or state law.

  5. I am a lawful firearm owner and I possess a New York State handgun license, which was issued by the Suffolk County Police Licensing Bureau.

1

6.  I have a present intention to purchase, and did attempt to purchase, a Ruger 10/22 semiautomatic rifle from a federally licensed firearm dealer, RT Smoke 'N Gun ("RT Smoke") located in Westchester County, New York.

7.  I was unable to purchase the Ruger or any other semiautomatic rifle from RT Smoke because I do not hold a license to purchase or take possession of semiautomatic rifles.

8.  Even though I hold a valid New York State handgun license, RT Smoke will not sell a semiautomatic rifle to an individual who merely holds a handgun license – a "Rifle License" is required under the Penal Law.

9.  I also contracted Karp's Hardware/Long Island Ammo ("LI Ammo") in East Northport, New York (Suffolk County) to inquire about purchasing a semiautomatic rifle.

10. LI Ammo advised me that they will not sell a semiautomatic rifle to anyone unless the purchaser has a license to purchase and take possession of semiautomatic rifles, or if their existing handgun license specifically indicates on its face a semiautomatic rifle endorsement. A handgun license is not sufficient. A true and accurate copy of my conversation is annexed hereto as Ex. 1.

11. I contacted the SCPD Licensing Bureau about the process for obtaining a semiautomatic Rifle License, and informed the Licensing Bureau that FFLs will not sell me a semiautomatic rifle without a specific "Rifle License." I also informed the Licensing Bureau that NYSP guidance indicates that the semiautomatic rifle endorsement should be available by Amending one's NYS handgun license. True and accurate copies of my conversations are annexed hereto as Ex. 2, Ex. 3.

12. The SCPD Licensing Bureau (incorrectly) informed that the sportsman pistol license as sufficient to purchase a semiautomatic rifle. Ex. 2, Ex. 3.

13. The Licensing Bureau also informed me that SCPD will require every semiautomatic rifles purchased to be registered on/added to my existing handgun license. Ex. 2, Ex. 3.

14. The Licensing Bureau acknowledged that licensing officers "upstate" are not registering semiautomatic rifles on the license; I informed them that "even Westchester is not doing that", to which SCPD replied, "but we are. If you buy a semiautomatic rifle, you bring…in the receipt just like you would any handgun and we'll put it on your license." True and accurate copies of my conversations are annexed hereto as Ex. 2, Ex. 3.

15. I contacted Camp-Site Sport Shop in Huntington Station, New York (Suffolk County) to inquire about purchasing a semiautomatic rifle. I informed Camp-Site that the SCPD Licensing Bureau said that my handgun license was sufficient to purchase a semiautomatic rifle even though it does not say anything about a semiautomatic rifle endorsement. Camp-Site informed me that I cannot purchase a semiautomatic rifle with a handgun license. A true and accurate copy of my conversation is annexed hereto as Ex. 4.

16. The SCPD Licensing Bureau informed me that they will not issue Rifle Licenses or amend handgun licenses to reflect semiautomatic rifle authorization because SCPD considers the handgun license "good enough to purchase rifles", despite the plain language of the Penal Law. Ex. 2, 3.

17. I have tried to identify a process for subjecting myself to the challenged regulations applicable to semiautomatic rifles, but cannot because doing so would be futile, for the reasons stated herein.

18. I should not have to apply for a license to sell, give, exchange, and/or dispose of my own property, to wit, the semiautomatic rifles that I currently own, nor for those I intend to purchase. New York State already requires that all firearm transactions, other than between immediate family, take place through an FFL after a state and federal background check through NICS.

19. Having to apply to SCPD for a semiautomatic Rifle License as required by the Rifle Bill, even if made possible by SCPD, would take at least 2-3 years because that is the License Division's average processing time for handgun licenses and there is no reason to believe that the process would be any quicker for Rifle Licenses.

20. The Rifle Bill should be enjoined in its entirety because it is preventing me from exercising conduct presumptively protected by the Second Amendment.

I declare under penalty of perjury that the foregoing it true and correct.

Dated: February 17, 2023

_____
Michael McGregor, M.D.