UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
MICHAEL MCGREGOR, ZACHARY GIAMBALVO,
PAUL FELICE, MATTHEW OLIVIERI, EDWARD
NEWMAN, and DARK STORM INDUSTRIES, LLC,

                  Plaintiffs,          23 Civ. 1130

   -against-

                                              **DECLARATION OF**
SUFFOLK COUNTY, New York,             **ZACHARY GIAMBALVO**
Police Commissioner RODNEY HARRISON,
in his Official Capacity, and Acting Superintendent
STEVEN NIGRELLI, in his Official Capacity,

                  Defendants.
-----------------------------------------------------------------------x

      ZACHARY GIAMBALVO, declares pursuant to 28 U.S.C. § 1746 that:

      1.    I am a plaintiff in the above-captioned matter. I make this Declaration of my own personal knowledge and if called as a witness, I could and would testify competently to the truth of the matters set forth herein.

      2.    I submit this Declaration in support of Plaintiffs' application to preliminarily and permanently enjoin the entirety of New York State Senate Bill 9458, referred to herein as the "Rifle Bill", which is a violation of my rights as presumptively protected by the Second and Fourteenth Amendments.

      3.    I am a resident of Suffolk County, New York and I have no prohibitions or disqualifications to the lawful purchase, receipt, possession, or ownership of firearms.

      4.    For years, my father, Donald Giambalvo, and I have enjoyed going to the gun range and practicing target shooting together.

      5.    My father, Donald Giambalvo, is also eligible to possess and purchase firearms and has never unlawfully used or threatened the use of a firearm.

1

6. My father and I have carried, taken possession of, received, given, and shot one another's semiautomatic rifles at Dark Storm Industries, LLC (DSI) gun range in Suffolk County, New York.

7. Since the passage of the Rifle Bill, I can no longer go target shooting with my father at DSI out of fear of being arrested and incarcerated under Penal Law sections 265.56 and 265.66 because DSI has a regular police presence; off-duty police officers regularly visit DSI to target shoot.

8. Every other weekend, I go target shooting with my semiautomatic rifle at Calverton Range with friends who are all eligible to possess and purchase firearms under state and federal law.

9. In the past, I have carried, taken possession of, and/or received his friends' semiautomatic rifles to inspect and shoot at targets. Likewise, I have given my friends my semiautomatic rifle for them to inspect and use for target shooting.

10. Neither I nor my friends have licenses to purchase or take possession of semiautomatic rifles.

11. I intend to continue to go to target shooting with my friends at Calverton Range, located in Suffolk County, and will continue to carry, take possession of, and/or shoot my friends' semiautomatic rifles and will also give my friends my semiautomatic rifle to use for target shooting, knowing that neither I nor my friends have Rifle Licenses. I have plans to go engage in such protected conduct next weekend and twice a month thereafter.

12. Suffolk County officers and other law enforcement officers go target shooting at Calverton during the times that I am at Calverton target shooting with friends.

13. I face a credible and imminent risk of arrest and incarceration by the Suffolk County Police and New York State Police because I have announced my intention to engage in conduct protected by the Second Amendment but made illegal by the Rifle Bill (Penal Law §§ 265.65 and 265.66). My risk of arrest is made more imminent by my publication of this declaration and the underlying lawsuit to violate the law.

14. I also have the present intention to purchase a World War II era semi-automatic rifle from an FFL outside of New York and completing the transfer in New York through DSI, but I am completely barred from doing so because of the Rifle Bill.

15. Even under SCPD's policy of 'recognizing' handgun licenses as valid Rifle Licenses, which they are not, I cannot purchase a semiautomatic rifle because I do not have a handgun license.

16. I also cannot obtain a Rifle License from SCPD because there is no process to obtain one.

17. But, even if SCPD had such a process, I object to having to apply for and obtain a discretionary license just to be able to lawfully exercise my Second Amendment rights, particularly because New York already requires a NICS check for firearm purchases and transfers.

18. I should not have to choose between exercising a right protected by the Second Amendment and violating the state's criminal laws.

19. The Rifle Bill should be enjoined in its entirety because it is preventing me from exercising conduct presumptively protected by the Second Amendment.

I declare under penalty of perjury that the foregoing it true and correct.

Dated: February 10, 2023

_____
Zachary Giambalvo

3