UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
MICHAEL MCGREGOR, ZACHARY GIAMBALVO,
PAUL FELICE, MATTHEW OLIVIERI, EDWARD
NEWMAN, and DARK STORM INDUSTRIES, LLC,

                Plaintiffs,                23 Civ. 1130

   -against-

SUFFOLK COUNTY, New York,                   **DECLARATION OF**
Police Commissioner RODNEY HARRISON,       **MATTHEW OLIVIERI**
in his Official Capacity, and Acting Superintendent
STEVEN NIGRELLI, in his Official Capacity,

                Defendants.
-----------------------------------------------------------------------x

      MATTHEW OLIVIERI, declares pursuant to 28 U.S.C. § 1746 that:

      1.     I am a plaintiff in the above-captioned matter. I make this Declaration of my own personal knowledge and if called as a witness, I could and would testify competently to the truth of the matters set forth herein.

      2.     I submit this Declaration in support of Plaintiffs' application to preliminarily and permanently enjoin the entirety of New York State Senate Bill 9458, referred to herein as the "Rifle Bill", which is a violation of my rights as presumptively protected by the Second and Fourteenth Amendments.

      3.     I am a resident of Suffolk County, New York and I have no prohibitions or disqualifications to the lawful purchase, receipt, possession, or ownership of firearms.

      4.     I am a Marine Corps. veteran. While in the Marine Corps., I was assigned to the Infantry and I have extensive experience with semiautomatic rifles.

      5.     Until the passage of the Rifle Bill, I enjoyed going to the gun range with my father to engage in target shooting. Because I do not own a semiautomatic rifle, I would share my father's.

1

6. The Rifle Bill now makes my conduct -and my father's conduct - illegal. For me to 'take possession' of my father's semiautomatic rifle, even for target shooting at the gun range, is now a crime. It is also a crime for my father to give (hand over) his semiautomatic rifle to me to use for target shooting at the gun range because neither of us has a Rifle License. I should not have to chose between exercising a protected constitutional right and being subject to criminal penalties.

7. If I use my father's semiautomatic rifle at the gun range for target shooting, both he and I will be subject to arrest, incarceration, and other criminal and civil penalties.

8. I have a present intention to purchase a New York-compliant AR-15 platform semiautomatic rifle from Dark Storm Industries in Suffolk County, which I intend to use for self-defense and also target shooting.

9. The Rifle Bill is an absolute bar to my right and ability to purchase a semiautomatic rifle – a weapon in common use.

10. I cannot obtain a Rifle License from SCPD because there is no process to obtain one. In any event, I should not have to seek and obtain a discretionary license to exercise a presumptively guaranteed right.

11. I also object to any requirement that I register my firearms on a government issued license.

12. The Rifle Bill should be enjoined in its entirety because it is preventing me from exercising conduct presumptively protected by the Second Amendment.

I declare under penalty of perjury that the foregoing it true and correct.

Dated: 2/13/23

Matthew Olivieri