UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
MICHAEL MCGREGOR, ZACHARY GIAMBALVO,
PAUL FELICE, MATTHEW OLIVIERI, EDWARD
NEWMAN, and DARK STORM INDUSTRIES, LLC,

                         Plaintiffs,            23 Civ. 1130

   -against-

SUFFOLK COUNTY, New York,                      **DECLARATION OF**
Police Commissioner RODNEY HARRISON,        **EDWARD NEWMAN**
in his Official Capacity, and Acting Superintendent
STEVEN NIGRELLI, in his Official Capacity,

                         Defendants.
------------------------------------------------------------------x

       EDWARD NEWMAN, declares pursuant to 28 U.S.C. § 1746 that:

       1.      I am a plaintiff in the above-captioned matter. I make this Declaration of my own personal knowledge and if called as a witness, I could and would testify competently to the truth of the matters set forth herein.

       2.      I submit this Declaration in support of Plaintiffs' application to preliminarily and permanently enjoin the entirety of New York State Senate Bill 9458, referred to herein as the "Rifle Bill", which is a violation of the rights presumptively protected by the Second and Fourteenth Amendments.

       3.      I am a lawful owner and operator of Dark Storm Industries, LLC ("DSI"), a limited liability company formed and existing under the laws of the State of New York. DSI has a principal place of business in Suffolk County, New York.

       4.      DSI is fully licensed under federal and state laws to engage in the business of, among other services, the manufacture and sale of semiautomatic rifles.

5. DSI is the largest manufacturer of semiautomatic rifles in New York State.

6. Promptly after New York State Senate Bill 9458 (the "Rifle Bill") was enacted, DSI was prohibited from selling and/or transferring any semiautomatic rifles to the general public. Likewise, DSI customers and potential customers were unable to purchase, receive, and transfer semiautomatic rifles.

7. This ban on the sale, purchase, and transfer of semiautomatic rifles resulted from the threat of criminal penalties under the Rifle Bill as enforced by the Suffolk County Police Department (SCPD) and the New York State Police, which made such constitutionally protected activity a criminal act punishable by arrest, incarceration, fines, and other criminal and civil penalties.

8. Once the Rifle Bill took effect, DSI ceased doing business with the general public. DSI and its staff were prohibited from selling and transferring semiautomatic rifles to any individual who did not hold a semiautomatic rifle license issued under Penal Law § 400.00(2).

9. Such class of individuals includes one or more of the plaintiffs in this action and other ordinary citizens who are not part of this action but also seek access to DSI's market function, to wit, the purchase of semiautomatic rifles and on whose behalf DSI advocates for their constitutional right to purchase, sell, and receive semiautomatic rifles.

10. Only recently has DSI been able to resume, to a limited extent, its sale of semiautomatic rifles, but DSI can no longer sell or transfer semiautomatic rifles to its customers and potential customers who have not applied for and obtained a Rifle License.

11. And sales and transfers of semiautomatic rifles to Suffolk County residents continue to be prohibited because SCPD will not issue, and has no process for issuing, a Rifle License. Likewise, Suffolk County residents cannot purchase or receive semiautomatic rifles from

DSI (or any other FFL) because SCPD has no process for residents to apply for or obtain a Rifle License.

12. According to SCPD policy, which conflicts with the plain language of the Rifle Bill and Penal Law § 400.00(2), a handgun license is sufficient to allow the individual to take possession of, receive, transfer, and/or purchase a semiautomatic rifle.

13. Under SCPD policy, for an unlicensed individual to lawfully take possession of or purchase a semiautomatic rifle, he would have to apply for a ***handgun license***, which according to SCPD is sufficient. It is my understanding that the process for obtaining a handgun license is between 2-3 years.

14. But SCPD policy is not consistent with the Penal Law, which requires a separate license under § 400.00(2).

15. Moreover, possession of a New York State handgun license is not a defense to arrest and prosecution for an offense under Penal Law §§ 265.65 and 265.66.

16. The result being that our Suffolk County customers and potential customers are absolutely barred from taking possession of, receiving, and purchasing semiautomatic rifles for self-defense. Conversely, DSI is absolutely barred from selling and/or transferring semiautomatic rifles to Suffolk County residents, and other customers and potential customers who will not seek a Rifle License, because of the risk of criminal penalties.

17. DSI has customers and potential customers who have present plans to purchase semiautomatic rifles for self-defense but for the fact that they are prohibited from doing so by the Rifle Bill and the enforcement thereof by SCPD and the NYSP.

18. The Rifle Bill, and Defendants' enforcement thereof, is a violation of the plain text of the Second Amendment, which guarantees the right to "keep and bear Arms" and "shall not be infringed." As such, the Rifle Bill should be preliminarily and permanently enjoined.

I declare under penalty of perjury that the foregoing it true and correct.

Dated: 2/11/2023

Edward Newman
Dark Storm Industries, LLC