

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF REGIONAL OFFICES
SUFFOLK REGIONAL OFFICE

Hon. Gary R. Brown   February 20, 2023
United States District Court for the Eastern District of New York
100 Federal Plaza
Central Islip, N.Y. 11722

Re:   **McGregor, et al. v. Suffolk County, et al.**
Docket No.: 2:23-cv-01130 (Brown, J.) (Lindsay, M.J.)

Dear Judge Brown:

This Office represents Steven Nigrelli, the Acting Superintendent of the N.Y. State Police (the "Superintendent"), in the above-captioned action and writes in response to Plaintiffs' Proposed Order to Show Cause (ECF No. 6), e-filed on February 17, 2023, ostensibly seeking just a preliminary injunction, but in reality, also seeking a temporary restraining order ("TRO").[1]

Plaintiffs—four individuals, a corporation that sells firearms, and its owner—challenge Penal Law § 400.00's ("PL") requirement of a license for the purchase and transfer of ownership of a semiautomatic rifle, and Suffolk County's procedures related to the licensing of such rifles.[2]

Although PL § 400.00 was signed into law in August 2022 and became effective in September 2022, Plaintiffs waited *months* to bring their challenge seeking to prohibit Defendants from enforcing the provisions of this statute. Yet, Plaintiffs' application—brought by the same attorney as represents some of the same plaintiffs in another case pending before this Court, *see Giambalvo v. Suffolk County*, 2:22-cv-04778—suffers from many of the same deficiencies that led this Court to deny injunctive relief there on February 14, 2023. In particular, as the Court found in denying the preliminary injunction in *Giambalvo*, it is "beyond dispute" that "licensing regimes are constitutionally permissible," and that the Supreme Court's recent decision in *Bruen* "does not preclude the maintenance of 'shall-issue' permitting regimes." *Giambalvo*, ___ F. Supp. 3d ___, 2023 U.S. Dist. Lexis 27304, *11-12 (E.D.N.Y. Feb. 14, 2023). Although the *Giambalvo* and *Bruen* decisions arose in the context of semiautomatic handguns, rather than semiautomatic rifles, there is no reason why licensing should be constitutional for one form of deadly weapon, but not another.

The Superintendent requests that he be given an opportunity to identify the myriad deficiencies in Plaintiffs' application and otherwise explain why neither a TRO nor an injunction should be granted. Indeed, a

---

[1] As of the date this letter is submitted, the Superintendent has not been served with process in this matter. The Superintendent, therefore, appears under a limited notice of appearance and is submitting this letter without prejudice to his right to raise any defenses that may exist—jurisdictional or otherwise—in this respect. *See, e.g., Shum v. Jili Inc*., 2022 U.S. Dist. LEXIS 217704, at *9 (E.D.N.Y. Dec. 2, 2022) (counsel who filed a limited notice of appearance in response to an order to show cause, specifically noting the plaintiff's failure to properly serve, did not forfeit insufficient-service defense)

[2] The Superintendent's opposition to the application is concerned with Plaintiffs' facial challenge to the semiautomatic rifle licensing law. The Superintendent has no knowledge of Suffolk County's procedures and takes no position on whether they comply with state or federal law.

similar request for injunctive relief was recently denied in another action challenging, among other things, the requirement of a license for the purchase of a semiautomatic rifle. *See Gazzola v. Hochul*, 2022 U.S. Dist. Lexis 220168, *48-49 (N.D.N.Y. Dec. 7, 2022) (denying plaintiffs' application for a temporary restraining order and a preliminary injunction against semiautomatic rifle license requirement), 2022 U.S. App. Lexis 36416, *3 (2d Cir. Dec. 21, 2022) (denying motion for stay of district court's order pending appeal), 2023 U.S. Lexis 460 (Jan. 18, 2023) (denying writ for injunction).[3]

Accordingly, it is respectfully requested that this Court either decline to sign the Order to Show Cause, or strike those portions of it that purport to enjoin the Superintendent. In the event that the Court does sign the Order, the Superintendent asks that the Court set a reasonable briefing schedule allowing the Superintendent 60 days to fully address the issues raised in Plaintiffs' application.

Thank you for your consideration of this application.

Respectfully,

Patricia Hingerton & Robert E. Morelli

Assistant Attorneys General

cc:     Counsel for all Parties via ECF

---

[3] This appeal is currently pending before the Second Circuit, and as it involves many of the same issues as raised here, the Superintendent notes that a stay of further proceedings would also be appropriate. *Nuccio v. Duve*, No. 13-CV-1556, 2015 WL 1189617, at *5 (N.D.N.Y. Mar. 16, 2015) (noting that it is appropriate "'to stay a federal action in light of a concurrently pending federal action (either because the claim arises from the same nucleus of facts or because the pending action would resolve a controlling point of law'" (quoting *LaSala v. Needham & Co., Inc.*, 399 F. Supp. 2d 421, 427 (S.D.N.Y. 2005))).