

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF REGIONAL OFFICES
SUFFOLK REGIONAL OFFICE

Hon. Gary R. Brown  March 7, 2023
United States District Court for the Eastern District of New York
100 Federal Plaza
Central Islip, N.Y. 11722

Re: **McGregor, et al. v. Suffolk County, et al.**
Docket No.: 2:23-cv-01130 (Brown, J.) (Lindsay, M.J.)

Dear Judge Brown:

This Office represents Steven Nigrelli, sued in his official capacity as Acting Superintendent of the N.Y. State Police (the "Superintendent"). We write in accordance with Your Honor's Individual Rules to request a pre-motion conference and outline the arguments that the Superintendent intends to raise in a motion to dismiss the Complaint.

Plaintiffs—four individuals, a company that sells firearms, and its owner—commenced the instant action under 42 U.S.C. § 1983 to challenge: (i) New York Penal Law § 400.00's requirement of a license for the purchase and transfer of ownership of a semiautomatic rifle, and (ii) Suffolk County's procedures related to the licensing of semiautomatic rifles. The Complaint seeks declaratory relief, including that the challenged licensing requirement violates the Second Amendment by preventing unlicensed individuals from "taking possession of, transferring, and purchasing semiautomatic rifles," and gun stores from selling such rifles to unlicensed individuals who have passed the federal background check. Plaintiffs also seek an injunction enjoining Defendants from implementing and enforcing the challenged licensing requirement, and damages, including "presumed nominal damages against Defendants" for violation of their constitutional rights. The Complaint, however, should be dismissed for the reasons discussed herein.

**Dark Storm Industries and its Owner Cannot Bring a Second Amendment Challenge**. The Second Amendment applies to "people," not to businesses, meaning that Plaintiff Dark Storm—as well as Newman, as his claims are purely derivative of Dark Storm's—have no standing. *Bruen*, 142 S. Ct. at 2122 (right belongs to "ordinary, law abiding citizens"); *Gazzola v. Hochul*, 2022 U.S. Dist. Lexis 220168, at *34-36 (N.D.N.Y. Dec. 7, 2022) (stating that there is no Second Amendment right for an individual or business organization to engage in the commercial sale of firearms). In any event, as this Court has already recognized, no reading of *NYSRPA v. Bruen*, 142 S. Ct. 2111 (2022) suggests that a licensing requirement for the purchase of a firearm is unconstitutional. *Giambalvo v. Suffolk Cnty.*, 2023 U.S. Dist. Lexis 27304, at *11-13 (E.D.N.Y. Feb. 14, 2023).

**The Individual Plaintiffs Fail to Allege Injury-in-Fact**. Plaintiffs must submit to the licensing system to challenge it, and their refusal to do so means that none has suffered the requisite injury-in-fact for standing. *United States v. Decastro*, 682 F. 3d 160, 164 (2d Cir. 2012) (holding that plaintiff who failed to apply for a New York gun license lacked standing to challenge the state's licensing laws), *cert. denied*, 568 U.S. 1092 (2013). Nor does the futility doctrine apply since "[m]ere objection or antipathy to the law" does not constitute futility, which is all these Plaintiffs allege. *Giambalvo*, 2023 U.S. Dist. Lexis 27304, at * 14 (citing *Libertarian Party of Erie*

*Cnty. v. Cuomo,* 970 F.3d 106, 122 (2d Cir. 2020), *abrogated in part on other grounds by Bruen*, 142 S. Ct. 2111. Plaintiffs Giambalvo, Felice, and Olivieri also lack injury-in-fact because, although they allege their general intention to purchase semiautomatic rifles, there are no plausible allegations showing that they took any steps to actually do so. *See Adam v. Barr*, 792 F. App'x 20, 21-22 (2d Cir. 2019) (to demonstrate standing for a pre-enforcement challenge to a statute, Plaintiffs must allege both a concrete intention to violate the law and a credible threat of prosecution if they were to do so). Moreover, to the extent that these Plaintiffs claim they are injured insofar as they are precluded from "possessing" semiautomatic rifles owned by their family members or friends without a license while at a gun range, they misapprehend New York's law. Instead, this license applies to purchases or the "tak[ing] possession" of a semiautomatic rifle incident to a "transfer of ownership" of that weapon, and does not prohibit one from merely using a semiautomatic rifle that remains legally owned by another person. *See* PL § 400.00(2).

**The Individual Plaintiffs' Alleged Injury is Neither Fairly Traceable to, Nor Redressable by, the Superintendent**. Assuming *arguendo* that Plaintiffs have shown injury-in-fact, such injury must still be "fairly traceable to the [defendant's] challenged conduct" and "likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). Here, any injury to Plaintiffs Giambalvo, Felice, and Olivieri flows not from the Superintendent, but from the County's alleged lack of a licensing process. Likewise, any injury to Plaintiff McGregor flows from Suffolk County's alleged refusal to issue him a distinct semiautomatic rifle license or an endorsement on his sportsman pistol license. Thus, as these purported injuries were neither caused nor curable by the Superintendent, they do not suffice to establish standing. *See Gazzola*, 2022 U.S. Dist. Lexis 220168, *13 (plaintiff "failed to establish how the [] county's failure to issue semiautomatic rifle licenses is 'fairly traceable to the challenged action'" of State defendant).

**Plaintiffs Fail to Allege a Credible Threat of Prosecution by the State Police**. The Complaint sets forth no plausible allegations that the challenged statute has ever been enforced against Plaintiffs in the past, or that they have ever been threatened with prosecution by anyone, much less the State Police. Plaintiffs, therefore, lack standing to bring this pre-enforcement challenge to the semiautomatic rifle licensing law. *See Does v. Suffolk Cnty.*, 2022 U.S. App. Lexis 19094, at *6 (2d Cir. July 12, 2022) (affirming this Court's finding of no standing even where plaintiffs had received letters from police ordering surrender of their firearms); *Giambalvo*, 2023 U.S. Dist. Lexis 27304, at *16-23.

**The Eleventh Amendment Bars These Claims**. Finally, Eleventh Amendment immunity bars Plaintiffs' claims for any damages against the Superintendent. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985). Plaintiffs' request for injunctive relief is also precluded by Eleventh Amendment immunity; *Ex Parte Young* is inapplicable because there is no showing that the Superintendent has "both a particular duty to enforce the statute in question and a demonstrated willingness to exercise that duty." *See Kelly v. N.Y. State Civil Service Com'n*, 2015 U.S. Dist. Lexis 27443, at *8 (S.D.N.Y. Jan. 26, 2015). A general ability or obligation to enforce state laws is not sufficient to pierce Eleventh Amendment immunity, *see Citizens Union of the City of N.Y. v. Attorney General of N.Y.*, 2017 U.S. Dist. Lexis 97514, at *9 (S.D.N.Y. June 23, 2017), and that is all that is alleged here.

Respectfully,

*Patricia Hingerton & Robert E. Morelli*

cc: Counsel for all Parties via ECF                    Assistant Attorneys General