UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MICHAEL MCGREGOR, ZACHARY GIAMBALVO, PAUL FLEICE, MATTHEW OLIVIERI, EDWARD NEWMAN, and DARK STORM INDUSTRIES, LLC,

Plaintiffs,

-against-

SUFFOLK COUNTY, New York,
Police Commissioner RODNEY HARRISON,
In his Official Capacity, and Acting Superintendent STEVEN NIGRELLI, in his Official Capacity,

Defendants.

**ANSWER**

23-cv-01130(GRB)(ARL)

**JURY TRIAL DEMANDED**

Defendants, County of Suffolk (sued herein as "Suffolk County, New York") and Police Commissioner Rodney Harrison in his official capacity, by their attorney, Dennis M. Cohen, Suffolk County Attorney, by Arlene S. Zwilling, Assistant County Attorney, answering plaintiffs' complaint respectfully:

1. Aver that the allegations contained in the paragraphs numbered 1 and 8 of the complaint characterize the legal action being brought and purport to invoke the jurisdiction of the Court pursuant to the enumerated statutes and, as such, make no answer save to demand strict proof thereof and to deny any conduct giving rise to any cause of action thereunder.

2. Deny, on information and belief, the factual allegations contained in the paragraphs of the complaint numbered 2, 3, 4, 5, 6, 7, 16, 17, 18, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53,

1

54, 55, 56, 57, 58, 59, 60, 61, 63, 64, 69, 70, 71, 76 and 78 and refer all questions of law to the Court.

3. Deny knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs numbered 9, 10, 11, 12, 13, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155 and 156 of the complaint.

4. Deny, upon information and belief, the allegations contained in the paragraphs numbered 62, 65, 66, 67, 68, 72, 73, 74, 75 and 79 of the complaint.

## AS TO COUNT I

5. Answering the paragraph numbered 157 of the complaint repeat, reiterate and reallege each and every response to the recited paragraphs, with the same force and effect as if the same were set forth at length herein.

6. Deny, upon information and belief, the allegations contained in the paragraph numbered 158 of the complaint.

## AS TO COUNT II

7. Answering the paragraph numbered 159 of the complaint repeat, reiterate and reallege each and every response to the recited paragraphs, with the same force and effect as if the same were set forth at length herein.

8. Deny, upon information and belief, the allegations contained in the paragraphs numbered 160 of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

9. That the complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

10. That the complaint fails to set forth facts sufficient to constitute a deprivation of any constitutional right or other basis for a civil rights claim.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

11. That no policy, statement, ordinance, regulation or decision officially adopted and/or promulgated by defendants or otherwise ratified by defendants authorized a deprivation of plaintiff's constitutional rights.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

12. That no custom or usage adopted, followed, endorsed or ratified by defendants authorized a deprivation of plaintiff's constitutional rights.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

13. That plaintiffs are guilty of laches and are therefore barred from maintaining this action.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

14. That defendants' actions, if any, were justified by the facts and circumstances presented.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

15. That the defendants, at all times complained of, acted reasonably and in good faith in the discharge of their official duties and responsibilities.

16. That defendants acted in what they did solely pursuant to their duties and

responsibilities as law enforcement and/or prosecuting officials.

17. That defendants at all times acted in good faith in that they reasonably believed that they were exercising and acting within their statutory and constitutional powers.

18. That in performing such duties and responsibilities, defendants are and were protected by absolute and/or qualified Federal and/or State immunity.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

19. That plaintiffs have an adequate remedy at law.

WHEREFORE, defendants demand judgment against the plaintiff dismissing the complaint, together with the costs, disbursements and reasonable attorneys' fees of this action, and for such other and further relief as this Court deems just and proper.

DATED: Hauppauge, New York
       March 7, 2023

                                Yours etc.,
                                Dennis M. Cohen
                                Suffolk County Attorney
                                Attorney for defendants County of Suffolk and
                                Rodney K. Harrison
                                H. Lee Dennison Building
                                100 Veterans Memorial Highway
                                P.O. Box 6100
                                Hauppauge, New York 11788

                       By:    */s/ Arlene S. Zwilling*
                                Arlene S. Zwilling
                                Assistant County Attorney

TO:

Amy L. Bellantoni, Esq.
The Bellantoni Law Firm, PLLC
2 Overhill Road, Suite 400
Scarsdale, NY 10583

Patricia M. Hingerton, Esq.
NYS Office of the Attorney General
300 Motor Parkway, Suite 230
Hauppauge, NY 11788