# COUNTY OF SUFFOLK



**STEVE BELLONE**
**SUFFOLK COUNTY EXECUTIVE**

**DENNIS M. COHEN**  
**COUNTY ATTORNEY**

**DEPARTMENT OF LAW**

April 14, 2023

Hon. Gary R. Brown, U.S.D.J.
United States District Court, Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, New York 11722

Re: *McGregor v. County of Suffolk*
    CV23-1130 (GRB) (ARL)

Dear Judge Brown:

The Suffolk County Attorney's Office represents the County of Suffolk (sued herein as Suffolk County, New York and Police Commissioner Rodney Harrison in his official capacity), defendant in this civil rights action pursuant to 42 U.S.C. § 1983. We submit this letter in opposition to plaintiffs' motion for a preliminary injunction. The County also submits the accompanying Declaration of Michael Komorowski, the Commanding Officer of the Pistol Licensing Bureau ("PLB") of the Suffolk County Police Department ("SCPD").

Plaintiffs' primary challenge is not to County policy, but to state law. Specifically, they challenge several 2022 amendments to the New York Penal Law that they term the "Rifle Bill." It is the County's position that the amendments do not transgress the Second or Fourteenth Amendments. However, the County refrains from analyzing the constitutionality of the Rifle Bill at this time as it cannot be liable under 42 U.S.C.A. § 1983 for implementing state law by enforcing the Rifle Bill. *Vives v. City of New York*, 524 F.3d 346, n.4 (2d Cir. 2008) (holding that a municipality is not liable under § 1983 for a decision to honor its obligation to enforce state law). See *Juzumas v. Nassau Cnty., New York*, 33 F.4th 681 (2d Cir. 2022) (Under *Vives*, municipality is not liable under § 1983 for decision to enforce N.Y. Penal Law § 400.00).

Plaintiffs also claim that the SCPD has no process for issuing licenses that allow the holder to purchase and possess a rifle. However, as shown by the Komorowski Declaration, this assertion is not true.[1] A rifle can easily, quickly and inexpensively be added to an existing

---

[1] Notably, this is not the first time that plaintiffs McGregor and Giambalvo have made an untrue claim regarding about PLB licensing procedures. In the related case of *Giambalvo v. Suffolk Cnty., New York*, 2023 WL 2050803 (E.D.N.Y. Feb. 14, 2023) ("*Giambalvo*"), in which they are also plaintiffs, they made the inaccurate claim that the PLB was open only

**LOCATION**  
**H. LEE DENNISON BLDG.**  
**100 VETERANS MEMORIAL HIGHWAY** ♦  

**MAILING ADDRESS**  
**P.O. BOX 6100**  
**HAUPPAUGE, NY  11788-0099** ♦  

**(631) 853-4049**  
**TELECOPIER (631) 853-5169**

pistol license. A person who does not currently have a pistol license and does not wish to obtain one may obtain a rifle license by going through the same application process as utilized for pistol license applications.

Somewhat contradictorily, plaintiffs also contend that the PLB rifle licensing procedure for persons who do not presently have pistol licenses is unacceptable because it takes 2-3 years to obtain a license. As it is a single application process for both types of weapons, this appears to be an attempt to reargue this Court's denial of a preliminary injunction against the purported 2-3 year wait time in *Giambalvo*. That denial is now on appeal to the Court of Appeals for the Second Circuit, docket no. 23-208. There is no basis for the Court to re-examine its ruling in *Giambalvo* on the record now before it.

Moreover, plaintiffs attest that they will not take the steps necessary to obtain rifle licenses from the PLB (¶18, McGregor Declaration; ¶17, Giambalvo Declaration; ¶8, Felice Declaration; and ¶¶6 and 11, Oliveri Declaration). Their failure to actually seek rifle licenses leaves them without standing to challenge the Rifle Bill or PLB procedures. *Giambalvo*, at *5.

Given these circumstances, it is submitted respectfully that the Court should refrain from granting plaintiffs the "extraordinary and drastic remedy" of a preliminary injunction. They utterly fail to fulfill the requirements for such relief. *We The Patriots USA, Inc. v. Hochul*, 17 F.4th 266 (2d Cir.), *opinion clarified*, 17 F.4th 368 (2d Cir. 2021), and *cert. denied sub nom. Dr. A. v. Hochul*, 213 L. Ed. 2d 1126, 142 S. Ct. 2569 (2022) (movant seeking to enjoin government action must demonstrate (1) irreparable harm absent injunctive relief, (2) a likelihood of success on the merits; (3) public interest weighing in favor of granting the injunction; and 4) that the balance of equities supports the injunction).

We thank the Court for its time and attention to this case.

Respectfully submitted,

Dennis M. Cohen
Suffolk County Attorney

*/s/ Arlene S. Zwilling*
By:  Arlene S. Zwilling
Assistant County Attorney

---

Monday through Friday from 9 A.M. to 4:30 P.M. Plaintiff Giambalvo also asserted that there were no prohibitors to his obtaining a pistol license. Yet, he has actually been arrested and /or summonsed seven times, treated for a painkiller addiction, and had his driver's license suspended. These factual discrepancies were noted by the Court in footnotes 2 and 4 of its Memorandum and Order dated February 14, 2023 which denied plaintiffs' motion for a preliminary injunction.