

Edward Paltzik, Esq.
BOCHNER IP, PLLC
295 Madison Avenue, 12TH Floor, New York, NY 10017
o 646.971.0685  e edward@bochnerip.com  w bochnerip.com

**Via ECF**                                                                May 12, 2023

Hon. Gary R. Brown
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722-9014

      Re:    *McGregor et al v. Suffolk County, New York et al* (2:23-cv-01130-GRB-ARL)
             Pre-Motion Conference re Motion for leave to file Amicus Brief

Dear Judge Brown:

      This firm is counsel to proposed Amicus Curiae, Second Amendment Foundation ("SAF" or "Amicus") in connection with the above-referenced matter and hereby submits this letter motion pursuant to Your Honor's Individual Practices, Rule II(f), to request a pre-motion conference regarding SAF's anticipated Motion for leave to file an amicus brief in support of Plaintiffs' application for a preliminary injunction (ECF 6). A copy of the proposed amicus brief is attached to this letter.

## I.    Introduction

      New York State Senate Bill 9458 requires ordinary people to apply for and obtain a discretionary license to purchase, receive, sell, exchange, and/or dispose of semiautomatic rifles, and register their weapons with the State under penalty of criminal sanctions. Additionally, enforcement of policies created to implement Senate Bill 9458 have resulted in lengthy delays in issuing such licenses.

      Plaintiffs filed their Complaint for Declaratory and Injunctive Relief against Defendants on February 10, 2023, seeking a judicial declaration that Senate Bill 9458 violates the Second and Fourteenth Amendments, that Suffolk County Police Department policies and procedures relating to Senate Bill 9458 also violate the Second and Fourteenth Amendments, and further seeking an Order preliminarily and permanently enjoining Defendants Suffolk County Police Department Commissioner Rodney Harrison and Acting Superintendent of the New York State Police Steven Nigrelli from enforcing Senate Bill 9458.

      Plaintiffs then filed their motion for a preliminary and permanent injunction on February 17, 2023, seeking an Order pursuant to FED. R. CIV. P. 65, permanently enjoining Defendant Harrison and Superintendent Nigrelli from enforcing Senate Bill 9458.

      Defendants oppose this motion.

## II.    Governing Law

      "Participation as an amicus curiae is appropriate when 'the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to



Edward Paltzik, Esq.
BOCHNER IP, PLLC
295 Madison Avenue, 12TH Floor, New York, NY 10017
o 646.971.0685  e edward@bochnerip.com  w bochnerip.com

provide,' " *In re Terrorist Attacks on Sept. 11, 2001*, No. 03-CV-9848, 2022 WL 2829691, at *1 (S.D.N.Y. Apr. 27, 2022) (quoting *Sec. & Exch. Comm'n v. Ripple Labs, Inc.*, No. 20-cv-10832 (AT), 2021 WL 4555352, at *5 (S.D.N.Y. Oct. 4, 2021)).

### III.  Interest of Amicus

SAF "has unique information or perspective," *In re Terrorist Attacks*, 2022 WL 2829691, at *1, on the issues in this litigation. SAF is a non-profit membership organization founded in 1974 with over 720,000 members and supporters, in every State of the Union. Its purposes include education, research, publishing, and legal action focusing on the constitutional right to keep and bear arms. SAF has an intense interest in this case because it has many members who reside in the State of New York, including Suffolk County, who are prevented from purchasing semiautomatic rifles due to the indefinitely long delay presented by the County's backlog of application processing and burdens associated with the application process.

The State of New York's requirement to obtain a "rifle license" before an individual may acquire a semiautomatic rifle, as codified in Senate Bill 9458, is repugnant to the plain text of the Second Amendment and this nation's history and tradition. SAF's amicus brief will serve to provide two important points for this Court's consideration. First, an overview of the relevant historical period that this Court must examine in determining whether there are any historical analogues the State Defendants may draw upon to justify the license requirement. After the relevant period is established, the amicus brief will then explore the relevant history and metrics that the State Defendants may use to justify the license and why those are not enough to save the license requirement.

### IV.  Conclusion

For these reasons, SAF respectfully requests a pre-motion conference in anticipation of its Motion for leave to file an amicus brief in support of Plaintiffs' application for a preliminary injunction. I also note that (a) Plaintiffs consent to SAF's application, (b) the State opposes SAF's application, and (c) we have not received any response from Suffolk County as to its position. We thank the Court for its time and consideration in this matter.

    Respectfully submitted,
    /s/ Edward Andrew Paltzik
    Edward Andrew Paltzik

Enc. (Proposed Amicus Brief)

Cc: All Counsel (Via ECF)