

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF REGIONAL OFFICES
SUFFOLK REGIONAL OFFICE

Hon. Gary R. Brown  May 12, 2023
United States District Court for the Eastern District of New York
100 Federal Plaza
Central Islip, N.Y. 11722

    Re: **McGregor, et al. v. Suffolk County, et al.**
          Docket No.: 2:23-cv-01130 (Brown, J.) (Lindsay, M.J.)

Dear Judge Brown:

    This Office represents Steven Nigrelli, sued in his official capacity as Acting Superintendent of the New York State Police (the "Superintendent"). We write in response to the application of the Second Amendment Foundation ("SAF") for leave to file an amicus brief in support of Plaintiffs' application for a preliminary injunction. ECF No. 28. The Superintendent opposes SAF's application as both untimely and inappropriate.

    District courts in this circuit have broad discretion to permit or deny the appearance of an amicus curiae in a case, but they "routinely reject untimely filed amicus briefs." *Petersen Energia Inversora, S.A.U. v. Argentine Republic*, 2022 U.S. Dist. Lexis 148422, at \*3 (S.D.N.Y. Aug. 18, 2022). Although courts may allow amicus curiae submissions if they are of aid to the court and offer insights not available from the parties, *Soos v. Cuomo*, 470 F. Supp. 3d 268, 284 (N.D.N.Y. June 26, 2020), the circumstances under which such submissions are considered helpful to the court are limited: "An amicus brief should normally be allowed when a party is not represented competently or is not represented at all, when the amicus has an interest in some other case that may be affected by the decision in the present case . . . or when the amicus has unique information or perspective. Otherwise, leave to file an amicus brief should be denied." *Best Payphones, Inc. v. Dobrin*, 410 F. Supp. 3d 457, 465 n.3 (E.D.N.Y. 2019) (quoting *Citizens Against Casino Gambling in Erie County v. Kempthorne*, 471 F. Supp. 2d 295, 295 (W.D.N.Y. 2007)).

    Applying these principles, the Court should exercise its discretion to deny SAF's application. First, it is untimely – although not binding in the district court, the applicable rule of appellate procedure requires that "[a]n amicus curiae must file its brief, accompanied by a motion for filing when necessary, no later than 7 days after the principal brief of the party being supported is filed." Fed. R. App. P. 29(a)(6). Plaintiffs filed their application for a preliminary injunction almost three months ago on February 17, 2023, which would have put the applicable due date at February 24. And the SAF has waited until the last business day before Plaintiffs' reply is due (and the motion is fully submitted) before seeking leave to file.

    Last-minute amicus briefs like this one deprive the parties of "the opportunity to engage with the arguments and perspectives of amici without resorting to supplemental briefing, which might unduly delay the proceedings or unduly prejudice one or more of the parties." *Petersen*,

2022 U.S. Dist. Lexis 148422, at *3. And as the *Petersen* court recognized, "without a reasonable cut-off, amicus briefs supply a vehicle for groups aligned with one party to get the last word, contrary to the Court's briefing schedule, or to delay the proceedings by prompting unnecessary briefing about the arguments of non-parties." *Id.* at *3-*4.

Even aside from SAF's last minute request to participate in this matter, a review of the proposed submission they provided to the parties demonstrates that SAF's interests are not unique or distinct from those of the Plaintiffs. Instead, SAF's interests are directly aligned with Plaintiffs: both make the same argument that the Rifle Law is unconstitutional under the Second Amendment, and that the Rifle Law is not supported by American legal history and tradition. SAF "does not appear to be in possession of any unique information or perspective," *Best Payphones*, 410 F. Supp. 3d at 465 n.3, and there is nothing in SAF's submission that could not have been part of Plaintiff's moving papers. Accordingly, SAF's application should be denied. *See McBeth v. Gabrielli Truck Sales, Ltd.*, 768 F. Supp. 2d 392, 393 (2011) (denying motion by amicus to participate in litigation because of lack of a unique interest).

Thank you for your consideration of this submission.

Respectfully,

*Patricia M. Hingerton*

cc: Counsel for all Parties via ECF

Assistant Attorney General