

May 12, 2023

**VIA ECF**

Hon. Gary R. Brown
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

      Re:    *McGregor v. Suffolk County, et al.*
                 23 Civ. 1130 (GRB)(ARL)

Dear Judge Brown,

     I represent the plaintiffs in the above-referenced matter. I write in response to the State's opposition to the Second Amendment Foundation's ("SAF") motion for leave to file an amicus brief in support of the plaintiffs' motion to preliminarily enjoin the "Rifle Bill."

     SAF's application is not untimely. The State concedes there is no timeframe under which an amicus brief must be filed in the district court; discretion to allow an amicus brief rests with the district court. The State next complains that by filing its amicus brief after the State's opposition was filed, SAF somehow improperly gives Plaintiffs the last word. But as the moving party, Plaintiffs have the last word in any event.

     There is also no prejudice to Defendants by the timing of SAF's amicus brief. The State's retained historical witness, Robert J. Spitzer, already set forth their perspective on the relevant historical timeframe in the submissions in opposition to Plaintiffs' application. [ECF No. 21]. Defendants would be in no worse position had Plaintiffs retained their own historian in response.

     SAF's brief provides the Court with a neutral perspective regarding the relevant historical time-period for determining whether the challenged regulations have an historical analogue. SAF's perspective is also unique in that it brings the Court through the pre- and post-civil war laws and the racial motivations underlying their enforcement against non-whites. See, e.g., *Andersen v. Leavitt*, No. 03-CV-6115 DRHARL, 2007 WL 2343672, at *6 (E.D.N.Y. Aug. 13, 2007) (approving amicus where it presented the court with a unique perspective that may help its determination of the issues presented by this case).

The information and perspective presented by SAF is also within the proper role of an amicus. *C.f., Wiggins Bros., Inc. v. Department of Energy*, 667 F.2d 77, 83 (Em.App.1981) (absent exceptional circumstances, amicus curiae cannot implicate issues not presented by the parties).

What's more, in addition to SAF's interest in preserving the Second Amendment rights of its membership, who will be directly affected by the Court's ruling, SAF's staff, research, publishing, and legal action resources far exceed what a solo practitioner, like myself, could provide to the Court.

For these reasons, the Second Amendment Foundation should be granted leave to file an amicus brief.

Very truly yours,

*Amy L. Bellantoni*
Amy L. Bellantoni