

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF REGIONAL OFFICES
SUFFOLK REGIONAL OFFICE

Hon. Gary R. Brown
United States District Court for the Eastern District of New York
100 Federal Plaza
Central Islip, N.Y. 11722

January 12, 2024

Re: **McGregor, et al. v. Suffolk County, et al.**
Docket No.: 2:23-cv-01130 (Brown, J.) (Lindsay, M.J.)

Dear Judge Brown:

This Office represents Dominick L. Chiumento, sued in his official capacity as Acting Superintendent of the N.Y. State Police (the "Superintendent"). We write to request a pre-motion conference on the Superintendent's motion to dismiss.

In a Decision dated Sept. 7, 2023, this Court denied Plaintiffs' application for an injunction enjoining the Superintendent and co-defendants from enforcing the Rifle Bill. 2023 U.S. Dist. LEXIS 180804, *18 (E.D.N.Y. Sept. 7, 2023). Thereafter, Plaintiffs filed an Amended Complaint ("A.C.") which removes certain allegations, while also adding a variety of allegations against co-defendants. As relevant to the Superintendent, Plaintiffs have added allegations concerning Dark Storm's inability to sell semiautomatic rifles due to the Rifle Bill, along with conclusory allegations about the Superintendent's enforcement of that bill, as well as other allegations seeking to cure the individual Plaintiffs' previously identified lack of standing.[1] None of the changes made in the A.C., however, establishes that any Plaintiff has a genuine injury-in-fact traceable to the Superintendent.

**Dark Storm and its Owner Cannot Bring a Second Amendment Challenge**. The Second Amendment applies to "people," not to businesses, meaning that Plaintiff Dark Storm—as well as Newman, as his claims are purely derivative of Dark Storm's—have no standing. *N.Y.S. Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111, 2122 (2022) (right belongs to "ordinary, law abiding citizens"); *Gazzola v. Hochul*, 2022 U.S. Dist. Lexis 220168, at *34–36 (N.D.N.Y. Dec. 7, 2022) (stating that there is no Second Amendment right for an individual or business organization to engage in the commercial sale of firearms), *affirmed on other grounds*, 2023 U.S. App. LEXIS 32547 (2d Cir. Dec. 8, 2023). Indeed, this Court has already recognized that Dark Storm and Newman's standing "rests on even shakier ground" than the individual Plaintiffs. 2023 U.S. Dist. LEXIS 180804, at *11, n.4.

**The Individual Plaintiffs Fail to Allege Injury-in-Fact**. First, McGregor possesses a rifle endorsement and therefore, is free to purchase a semiautomatic rifle without fear of prosecution, meaning that he has no injury-in-fact. Plaintiffs Giambalvo, Felice, and Olivieri have "dubious" standing, 2023 U.S. Dist. LEXIS 180804, at *11, and the A.C. has not cured this deficiency. Giambalvo alleges that at some unspecified time in the past he

---

[1] "[T]he standing inquiry remains focused on whether the party invoking jurisdiction had the requisite stake in the outcome when the suit was filed." *Chevron Corp. v. Donziger*, 833 F.3d 74, 121 (2d Cir. 2016) (quoting *Davis v. FEC*, 554 U.S. 724, 734 (2008) (internal quotations omitted). Notwithstanding the latter, assuming *arguendo* that this Court were to consider the new allegations contained in the A.C., the individual Plaintiffs continue to lack standing for the reasons discussed herein.

attempted to purchase a World War II era semi-automatic rifle, A.C., ¶ 123; Felice allegedly attempted to purchase a Black Rain Ordnance in 2022, *id.* ¶ 133; and Oliveri allegedly attempted to purchase an AR-15 semiautomatic rifle in or around Fall 2023, ¶ 142, but none of the three completed the purchases. Both Giambalvo and Felice, however, now have pending license applications, and neither they nor Oliveri have alleged a current or future intention to violate the law. *See Antonyuk v. Chiumento*, 2023 U.S. App. LEXIS 32492, *203 (2d Cir. Dec. 8, 2023) ("A past but unfulfilled intention to violate the law does not support pre-enforcement standing."). Regardless, these allegations fail to plausibly allege the concrete future plan required for the standing analysis to begin with. *See Gazzola*, 2023 U.S. App. LEXIS 32547, at *29 n.9 ("[W]e are skeptical that [plaintiff's] bald claim — that he 'desire[s] to purchase additional semi-automatic rifles,' is sufficient to state an actual or imminent injury."); *Adam v. Barr*, 792 F. App'x 20, 21–22 (2d Cir. 2019) (to demonstrate standing for a pre-enforcement challenge to a statute, plaintiffs must allege a concrete intention to violate the law).

**The Individual Plaintiffs' Alleged Injury is Neither Fairly Traceable to, Nor Redressable by, the Superintendent**. Assuming *arguendo* that Plaintiffs have shown injury-in-fact, such injury must still be "fairly traceable to the [defendant's] challenged conduct" and "likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). Here, any injury to Giambalvo, Felice, and Olivieri flows not from the Superintendent, but from the County's alleged delays in and/or lack of a licensing process. McGregor's harm relates to having to register his rifle, but this is not a State requirement either. *See* https://gunsafety.ny.gov/resources-gun-dealers ("[S]emi-automatic rifles are not required to be listed on the license."). Thus, as Plaintiffs' purported injuries were neither caused nor curable by the Superintendent, they do not suffice to establish standing. *See Gazzola*, 2023 U.S. App. LEXIS 32547, at *29 (plaintiff "failed to show how the [] county's failure to provide license applications is fairly traceable to the challenged action" of the State defendants).

**The Eleventh Amendment Bars These Claims**. Finally, Eleventh Amendment immunity bars Plaintiffs' claims for any damages against the Superintendent. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985). Plaintiffs' request for injunctive relief is also precluded by Eleventh Amendment immunity; *Ex Parte Young* is inapplicable because there is no showing that the Superintendent has "both a particular duty to enforce the statute in question and a demonstrated willingness to exercise that duty." *See Kelly v. N.Y. State Civil Service Com'n*, 2015 U.S. Dist. Lexis 27443, at *8 (S.D.N.Y. Jan. 26, 2015). A general ability or obligation to enforce state laws is not sufficient to pierce Eleventh Amendment immunity, *see Citizens Union of the City of N.Y. v. Attorney General of N.Y.*, 2017 U.S. Dist. Lexis 97514, at *9 (S.D.N.Y. June 23, 2017), and that is all that is alleged here.

Respectfully,

*Patricia M. Hingerton & Robert E. Morelli*

Assistant Attorneys General

cc: Counsel for all Parties via ECF