

March 8, 2024

**VIA ECF**

Hon. Gary R. Brown
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

    Re:    *McGregor v. Suffolk County, et al.* 23 Civ. 1130 (GRB)(ARL)

Dear Judge Brown,

    I represent the plaintiffs in the above-referenced matter. In accordance with the Court's Individual Rules, I write to request a pre-motion conference in anticipation of the plaintiffs' motion for summary judgment. As the Court is aware, there are two sets of government defendants in this action: Suffolk County and New York State. New York State has moved to dismiss the Complaint based on a lack of Article III standing to continue against the Superintendent of the State Police (the "Superintendent"), who is sued in his official capacity in connection with Plaintiffs' injunctive relief claims. And while, generally, thus motion might warrant waiting to move for summary judgment, waiting for a determination of the State's motion is unnecessary to moving forward with Plaintiffs' motion for summary judgment in this case.

    This Complaint challenges the New York State Rifle Bill, which subjects the acquisition of a semiautomatic rifle to the State's discretionary licensing scheme, as well as certain policies and procedures of the Suffolk County Police Department. The Superintendent is named because he and his officers, who serve at the will of the Governor Hochul, enforce with vigor the State's firearm regulations. By this action, Plaintiffs' seek to have the Rifle Bill stricken as unconstitutional, and to enjoin its enforcement by Suffolk County and the State Police. In that connection, even if the State's motion to dismiss as against the Superintendent is granted, the State will nevertheless be an intervenor in this action because Plaintiffs are challenging a State statute; and the State's attorneys will still participate in the motion in defense of its laws. Whether or not standing exists, if the State fails to justify the Rifle Bill, it will be stricken as unconstitutional and its enforcement will be permanently enjoined nevertheless.

    Under the test announced in *NYSRPA v. Bruen*, 142, S.Ct. 2111 (2022), where the conduct being regulated is covered by the plain text of the Second Amendment, the government bears the burden of justifying its regulation's existence. "To justify its regulation, the government may not simply posit that the regulation promotes an important interest. Rather, the government must demonstrate that the

regulation is consistent with this Nation's historical tradition of firearm regulation. Only if a firearm regulation is consistent with this Nation's historical tradition may a court conclude that the individual's conduct falls outside the Second Amendment's 'unqualified command.'" *Bruen*, at 2126, 2129-30. Plaintiffs' conduct -- acquiring rifles for self-defense -- is protected by the plain text of the Second Amendment. The government bears the burden of establishing that requiring a government license to acquire rifles – and subjecting individuals to felony arrest who acquire or transfer in the absence of such a license -- is consistent with the text, history, and tradition in this Nation. Defendants will not be able to meet their burden. That said, Plaintiffs have no obligation to produce any evidence or historical analogues. The burden remains with the government to justify its firearm regulations. *Bruen,* at 2126, 2129-30.

Plaintiff McGregor was able to have his pistol license amended by Suffolk County to reflect permission to acquire rifles, which leaves only his monetary damages claims for Second Amendment violations against the County defendants. However, Giambalvo and Felice's handgun license applications were denied by the County, so they *cannot* obtain the rifle endorsement (and are now permanently precluded from acquiring semiautomatic rifles *and* handguns) and Oliveri challenges having to apply for a rifle license in the first place because licensing rifles has no historical analogue and is inconsistent with this Nation's historical traditions and the plain text of the Second Amendment.

Giambalvo, Felice, and Oliveri – none of whom have any disqualifiers under state or federal law to firearm possession and who all presently own rifles that were purchased before the Rifle Bill was passed[1] - still have viable declaratory and injunctive relief claims against the enforcement of the Rifle Bill by the County and the State. Plaintiffs Newman and Dark Storm have viable individual and organizational standing to pursue claims for monetary and injunctive relief against the County and the State. See, e.g., *Dark Storm Indus. LLC v. Cuomo*, 471 F. Supp. 3d 482, 493 (N.D.N.Y. 2020) (finding Dark Storm Industries LLC, "as the ... operator of a gun store, ... has derivative standing to assert the subsidiary right to acquire arms on behalf of [its actual and] potential customers.") quoting, *Teixeira v. Cnty. of Alameda*, 873 F.3d 670, 677–78 (9th Cir. 2017) ("As with purchasing ammunition and maintaining proficiency in firearms use, the core Second Amendment right to keep and bear arms for self-defense "wouldn't mean much" without the ability to acquire arms); citing, *Drummond v. Twp.*, 361 F. Supp. 3d 466, 480 (W.D. Pa.) ("Plaintiff[s] ..., as would-be operators of a commercial shooting range, have standing to sue on behalf of their potential customers."), aff'd in part, vacated in part on other grounds, remanded sub nom. *Drummond v. Twp. of Robinson*, 784 F. App'x 82 (3d Cir. 2019); cf. *Forty-Second St. Co. v. Koch*, 613 F. Supp. 1416, 1422 (S.D.N.Y. 1985) (rejecting defendants' argument that movie theater companies did not have standing to assert the rights of their customers); see also, *Ezell v. City of Chicago*, 651 F.3d 684 (7th Cir. 2011) (Action Target, as a supplier of firing-range facilities, is harmed by the firing-range ban and is also permitted to act as an advocate of the rights of third parties who seek access to its services).

Very truly yours,

*Amy L. Bellantoni*
Amy L. Bellantoni


cc: All Counsel (via ECF)

---

[1] After passing a federal NICS background check.