

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF REGIONAL OFFICES
SUFFOLK REGIONAL OFFICE

Hon. Gary R. Brown  
United States District Court for the Eastern District of New York  
100 Federal Plaza  
Central Islip, N.Y. 11722

March 12, 2024

    Re:    **McGregor, et al. v. Suffolk County, et al.**  
           Docket No.: 2:23-cv-01130 (Brown, J.) (Lindsay, M.J.)

Dear Judge Brown:

    This Office represents Steven G. James, sued in his official capacity as Acting Superintendent of the New York State Police (the "Superintendent"). We write in response to the Court's March 11, 2024 order "waiv[ing] the requirement for a pre-motion conference" on Plaintiffs' proposed motion for summary judgment, DE 58, to request clarity regarding the Superintendent's already-served motion to dismiss the Amended Complaint.[1]

    Pursuant to the joint briefing schedule so-ordered by the Court, DE 56, the Superintendent recently provided Plaintiffs with a copy of the opening papers of his motion to dismiss. Plaintiffs' opposition is due on March 29, 2024, and the Superintendent's reply is due on April 19, 2024. In light of the Court's order directing the parties to meet and confer about a briefing schedule for Plaintiffs' motion for summary judgment, the Superintendent requests clarification regarding whether the parties should continue briefing this motion to dismiss for eventual submission to the Court, or if the motion has now been rendered academic pending a determination on Plaintiffs' motion for summary judgment.

                                                         Respectfully,

                                    *Patricia M. Hingerton & Robert E. Morelli*

                                          Assistant Attorneys General

    cc:    Counsel for all Parties via ECF

---

[1] The Superintendent was in the process of preparing opposition to Plaintiffs' letter when the Court's order was issued, as a variety of reasons weigh against a pre-discovery summary judgment motion in this case. First, Plaintiffs failed to provide the Local Civil Rule 56.1 statement required by the Court's Individual Rule II(h)(1). Second, the Superintendent's already-served motion to dismiss challenges each Plaintiff's ability to proceed with this action, raising issues of standing and immunity that should be resolved at the threshold stage. And third, Plaintiffs' premature motion attempts to sidestep potential issues of fact with respect to whether they have protectable rights under the Second Amendment.