

BELLANTONI
LAW FIRM

July 9, 2024

<u>**VIA ECF**</u>

Hon. Gary R. Brown
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

  Re:  *McGregor v. Suffolk County, et al.* 23 Civ. 1130 (GRB)(ARL)

Dear Judge Brown,

  I represent the plaintiffs in the above-referenced matter. I write to bring to the Court's attention an issue regarding the State's submissions in opposition to Plaintiffs' motion for summary judgment and cross-motion.

  There is good cause for Plaintiffs to raise this issue with the Court before the respective motions are fully submitted. As this motion is subject to the "bundling rule," should the instant request be granted, the respective motions would likely require rebriefing for the reasons set forth below.

  In support of his declaration, the State's expert witness Mr. Spitzer includes three (3) exhibits that contain 'snippets' of various statutes, a Table of Weapons Licensing Laws listing states and years a category of laws was enacted, a Table of Firearm Hardware Restrictions listing states and years, and an exhibit that appears to have a manually typewritten version of the statutes offered by the State as historical analogues for requiring a license to possess a common rifle.

  A similar issue arose in *Baird v. Bonta,* 19 Civ. 617 (CAED). California also relied in Mr. Spitzer's opinion to oppose the plaintiffs' motion for summary judgment and submitted such tables and excerpts purporting to be the text of the original statutes being offered by California to justify the challenged regulations [19 Civ. 617 (CAED) ECF No. 90-6]. Mr. Spitzer submitted the *same table information* in *Baird* as he submits here as Exhibit D to his declaration, as well as rewritten versions of various statutes.

  I made the same objections in *Baird* that are made now, and California was required to provide exact copies of the text of the historical statutes upon which they were relying. California produced exact copies of the regulations [see, CAED ECF No. 105 consisting of a seven volume appendix of historical regulations].

Plaintiffs request the same relief be provided here.

As the Court is aware, under the *Bruen* test, where a plaintiff's conduct is covered by the plain text of the Second Amendment, the conduct is presumptively protected. The burden shifts to the government to identify a national historical tradition to justify the challenged regulations. *NYSRPA v. Bruen*, 597 U.S. 1, 17 (2022).

If the State is relying on a particular statute to justify its regulations, it must provide a copy of the original text to the parties and the Court, not snippets and/or rewritten versions that may or may not be identical to the original text.

I asked the State to provide copies of the actual statutes upon which they are relying so that Plaintiffs (and the Court) can identify and consider the exact text of the statute, the context in which the regulation was written, and the overall intention of the legislature. Typically, such regulations are located on the same page with other regulations, placing the laws in their proper context.

In response to our request, the State informs that Mr. Spitzer does not actually have the text of the statutes,[1] and went on to place the burden on Plaintiffs (and the Court) to cross-check the footnotes and find the original source ourselves. The State also indicates that it would be 'extremely onerous and time-consuming' for Mr. Spitzer to obtain the text of the actual laws from the statute books – suggesting that I pay the $30,000-$40,000 required for Mr. Spitzer to "gather[] these materials."

The State's attorneys and staff are well-equipped to locate the text of the statutes upon which they are relying and provide this Court and counsel with reproduced copies of the original laws. Indeed, Mr. Spitzer informed the State that, to his recollection, in *Baird* it was the attorneys for California that obtained the actual text of the statutes upon which they relied and provided them to the plaintiffs and the Court. New York should be required to do the same. For sure, there is no shortage of resources when it comes to New York State's defense of its firearm regulations.

This burden is the *State's* to bear, not Plaintiffs' (or the Court's). The State of New York is well-equipped with the vast resources required to obtain and provide copies of the exact text of the regulations they contend constitute a national tradition and they should be ordered to produce the same.

Should this request be denied, Plaintiffs would require an extension of time to serve their reply and opposition from July 29, 2024 to September 16, 2024. The reason for this amount of time is that, as a solo practitioner with no staff, obtaining the original text of the State's statutes will be time-consuming for one person, while operating a practice and meeting other client needs and deadlines. Moreover, I will be out of the office during the week of August 5th and the week of August 19th. Thank you for the Court's consideration.

Sincerely,

*Amy L. Bellantoni*

Amy L. Bellantoni

cc:     All Counsel (via ECF)

---

[1] Which calls into question the source of the retyped materials in the first instance.