

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF REGIONAL OFFICES
SUFFOLK REGIONAL OFFICE

July 12, 2024

The Honorable Gary R. Brown
United States District Court for the Eastern District of New York
100 Federal Plaza
Central Islip, N.Y. 11722

    Re:    **McGregor, et al. v. Suffolk County, et al.**
            Docket No.: 2:23-cv-01130 (Brown, J.) (Lindsay, M.J.)

Dear Judge Brown:

    This Office represents Steven G. James, the Superintendent of the N.Y. State Police (the "Superintendent"), in the above-captioned action. This letter is submitted in response to Plaintiffs' July 9, 2024 motion to compel the Superintendent to provide copies of all laws cited by the State's expert, Professor Robert Spitzer, in his declaration discussing the historical antecedents for semiautomatic rifle licensing laws. *See* ECF No. 64. The Spitzer declaration was served on counsel for the parties on June 28, 2024 in opposition to Plaintiffs' motion for summary judgment and in support of the Superintendent's cross-motion for summary judgment.

    Plaintiffs' counsel's request should be denied because she is asking the State to do her legal research for her. While Professor Spitzer did not attach to his declaration copies of the actual laws upon which he relied, he provided the relevant text of the same and properly footnoted the sources of those laws. Counsel, therefore, could confirm the veracity of the texts he provided by checking back to the referenced sources and/or by reviewing the original laws, which are generally available at Hein Online or other internet legal databases.

    Moreover, counsel's improper attempt to transfer her own legal research onto the State is particularly inappropriate given that she is **already in possession** of the vast majority of the materials that she requests. As counsel notes in her application, Professor Spitzer previously submitted a declaration in a federal case in California, wherein he cited many of the same historical laws as are cited in his declaration in this case. *See Baird v. Bonta*, No. 2:19-cv-00617 (E.D. Cal.). Notably, Ms. Bellantoni was the attorney of record for the plaintiffs in *Baird.* After she opposed California's summary judgment motion based upon, among other things, its failure to file the actual laws cited by Professor Spitzer, California filed all such laws on ECF, meaning that these laws were, and remain, available to counsel at all times pertinent to the instant case. *See id.* at ECF No. 105.

    A cursory comparison between Exhibit F to Professor Spritzer's declaration filed in *Baird* (*id.* at ECF 90-6, pp.233-347) and Exhibit C to the declaration in this case—both of which contain the text of historic state licensing laws—reveals that the declaration in this case contains only 16 additional laws that were not cited in Professor Spitzer's *Baird* declaration. Given the small number of new laws at issue, it

should not be a burden for counsel to obtain those if she so desires. The motion to compel, therefore, should be denied.

Alternatively, while the State maintains that it should not be required to undertake opposing counsel's research for her, in a good faith effort to try and resolve this dispute, this office is willing to produce to counsel the additional laws that were not cited in Professor Spitzer's *Baird* declaration. Through online research, this office has obtained PDF copies of 15 of the 16 laws, and as to the last law (a San Francisco ordinance from the 1880s), this office can provide a California Supreme Court decision, *Ex Parte Cheney*, 90 Cal. 617 (1891), which block-quotes the ordinance in the course of upholding its constitutionality.

Thank you for your consideration of this submission.

Respectfully,

*Patricia M. Hingerton and Robert E Morelli*

Assistant Attorneys General

cc: Counsel for Plaintiffs and Co-Defendants via ECF