UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
MICHAEL MCGREGOR, ZACHARY GIAMBALVO,
PAUL FELICE, MATTHEW OLIVIERI, EDWARD
NEWMAN, and DARK STORM INDUSTRIES, LLC,

                       Plaintiffs,

                  -against-

SUFFOLK COUNTY, New York, Police Commissioner
RODNEY HARRISON, in his Official Capacity, and
Individually, MICHAEL KOMOROWSKI, Individually,
and Acting Superintendent STEVEN G. JAMES,
in his Official Capacity,

                       Defendants.
-------------------------------------------------------------------X

**Superintendent**
**James's Answer to the First**
**Amended Complaint**

**Case No.: 2:23-CV-01130**

(Brown, J.)(Lindsay, M.J.)

     Defendant, STEVEN G. JAMES, sued in his official capacity as Superintendent (the "Superintendent") of the New York State Police ("State Police"), by his attorney, LETITIA JAMES, Attorney General of the State of New York, responds to the First Amended Complaint ("Am. Compl."), filed December 1, 2023 (ECF No. 47), of Plaintiffs Michael McGregor, Zachary Giambalvo, Paul Felice, Matthew Olivieri, Edward Newman, and Dark Storm Industries, LLC (collectively, "Plaintiffs"), as follows:

## NATURE OF THE ACTION

     1.  The allegations set forth in paragraph 1 of the Am. Compl. consist of Plaintiffs' legal position, argument, and/or conclusions, which require no response. To the extent that a response may be required, denies the allegations, except admits that Plaintiffs purport to bring this action seeking the relief specified in said paragraph, but denies that they are entitled to any such relief or that they suffered any purported "harms" as a result of Senate Bill 9458, 2022 N.Y. laws ch. 212 (the "Rifle Law") or the Superintendent's alleged enforcement of the same.

2. Denies the allegations set forth in paragraph 2 of the Am. Compl., and refers this Court to the Rifle Law, which speaks for itself and is the best evidence of its contents.

3. Denies the allegations set forth in paragraph 3 of the Am. Compl., and refers this Court to the Rifle Law, which speaks for itself and is the best evidence of its contents.

4. The allegations set forth in paragraph 4 of the Am. Compl. consist of Plaintiffs' legal position, argument, and/or conclusions, which require no response. To the extent that a response may be required, denies the allegations.

5. The allegations set forth in paragraph 5 of the Am. Compl. consist of Plaintiffs' legal position, argument, and/or conclusions, which require no response. To the extent that a response may be required, denies the allegations.

6. The allegations set forth in paragraph 6 of the Am. Compl. consist of Plaintiffs' legal position, argument, and/or conclusions, which require no response. To the extent that a response may be required, denies the allegations, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Suffolk County and states that the Superintendent has no knowledge of, or control over, the policies and procedures of Suffolk County.

## JURISDICTION AND VENUE

7. The allegations set forth in paragraph 7 of the Am. Compl. consist of Plaintiffs' legal position, argument, and/or conclusions, which require no response. To the extent that a response may be required, denies the allegations, except admits that Plaintiffs purport to base jurisdiction and venue in this Court, and that the Plaintiffs seek the relief described (though denies that they are entitled to such relief). Refers all conclusions of law to this Court.

## THE PARTIES

8.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Am. Compl.

9.   The allegations set forth in paragraph 9 of the Am. Compl. consist of Plaintiffs' legal position, argument, and/or conclusions, which require no response.  To the extent that a response may be required, refers all conclusions of law to this Court.

10.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Am. Compl.

11.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Am. Compl.

12.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Am. Compl.

13.  Admits the allegations set forth in paragraph 13 of the Am. Compl.

14.  Admits the allegations set forth in paragraph 14 of the Am. Compl.

15.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Am. Compl. regarding Defendant Harrison's general duties vis a vis the Suffolk County Police Department Licensing Bureau, but as to his duty to issue firearms licenses, refers this Court to the referenced statutes, which speak for themselves and are the best evidence of their contents.

16.   The allegations set forth in paragraph 16 of the Am. Compl. consist of Plaintiffs' legal position, argument, and/or conclusions, which require no response.  To the extent that a response may be required, denies knowledge or information sufficient to form a belief as to the truth of the allegations.

17. The allegations set forth in paragraph 17 of the Am. Compl. consist of Plaintiffs' legal position, argument, and/or conclusions, which require no response. To the extent that a response may be required, denies knowledge or information sufficient to form a belief as to the truth of the allegations.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the Am. Compl.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the Am. Compl.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of the Am. Compl.

21. With respect to the allegations set forth in paragraph 21 of the Am. Compl., denies that Dominick L. Chiumento is the current Acting Superintendent of the State Police, notes that he formerly held that position, states that Steven G. James is the current Superintendent, and admits the remaining allegations.

22. The allegations set forth in paragraph 22 of the Am. Compl. consist of Plaintiffs' legal position, argument, and/or conclusions, which require no response. To the extent that a response may be required, admits that the Superintendent and other members of the New York State Police have such duties as are set forth under, among other things, the Penal Law.

23. The allegations set forth in paragraph 23 of the Am. Compl. consist of Plaintiffs' legal position, argument, and/or conclusions, which require no response. To the extent that a response may be required, denies the allegations.

## LEGAL FRAMEWORK

24. The allegations set forth in paragraph 24 of the Am. Compl. consist of Plaintiffs'

legal position, argument, and/or conclusions, which require no response. To the extent that a response may be required, refers this Court to the referenced constitutional provision and case, which speak for themselves and are the best evidence of their contents.

25. The allegations set forth in paragraph 25 of the Am. Compl. consist of Plaintiffs' legal position, argument, and/or conclusions, which require no response. To the extent that a response may be required, refers this Court to the referenced case, which speaks for itself and is the best evidence of its contents.

26. The allegations set forth in paragraph 26 of the Am. Compl. consist of Plaintiffs' legal position, argument, and/or conclusions, which require no response. To the extent that a response may be required, refers this Court to the referenced cases, which speak for themselves and are the best evidence of their contents.

27. The allegations set forth in paragraph 27 of the Am. Compl. consist of Plaintiffs' legal position, argument, and/or conclusions, which require no response. To the extent that a response may be required, refers this Court to the referenced case, which speaks for itself and is the best evidence of its contents.

28. The allegations set forth in paragraph 28 of the Am. Compl. consist of Plaintiffs' legal position, argument, and/or conclusions, which require no response. To the extent that a response may be required, denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether semiautomatic rifles are in "common use," and denies the remaining allegations insofar as they consist of Plaintiffs' characterizations of the relevant law applicable to the Second Amendment, and refers all conclusions of law to this Court.

29. The allegations set forth in paragraph 29 of the Am. Compl. consist of Plaintiffs' legal position, argument, and/or conclusions, which require no response. To the extent that a

response may be required, denies the allegations insofar as they consist of Plaintiffs' characterizations of the relevant law applicable to the Second Amendment, and refers all conclusions of law to this Court.

30. The allegations set forth in paragraph 30 of the Am. Compl. consist of Plaintiffs' legal position, argument, and/or conclusions, which require no response. To the extent that a response may be required, denies the allegations insofar as they consist of Plaintiffs' characterizations of the relevant law applicable to the Second Amendment, and refers all conclusions of law to this Court.

31. The allegations set forth in paragraph 31 of the Am. Compl. consist of Plaintiffs' legal position, argument, and/or conclusions, which require no response. To the extent that a response may be required, denies the allegations.

32. The allegations set forth in paragraph 32 of the Am. Compl. consist of Plaintiffs' legal position, argument, and/or conclusions, which require no response. To the extent that a response may be required, denies the allegations.

33. The allegations set forth in paragraph 33 of the Am. Compl. consist of Plaintiffs' legal position, argument, and/or conclusions, which require no response. To the extent that a response may be required, denies the allegations.

34. The allegations set forth in paragraph 34 of the Am. Compl. consist of Plaintiffs' legal position, argument, and/or conclusions, which require no response. To the extent that a response may be required, denies the allegations insofar as they consist of Plaintiffs' characterizations of New York State law, which speaks for itself and is the best evidence of its contents.

35. The allegations set forth in paragraph 35 of the Am. Compl. consist of Plaintiffs' legal position, argument, and/or conclusions, which require no response. To the extent that a response may be required, denies the allegations insofar as they consist of Plaintiffs' characterizations of federal law, which speaks for itself and is the best evidence of its contents.

36. The allegations set forth in paragraph 36 of the Am. Compl. consist of Plaintiffs' legal position, argument, and/or conclusions, which require no response. To the extent that a response may be required, denies the allegations insofar as they consist of Plaintiffs' characterizations of federal law, which speaks for itself and is the best evidence of its contents.

37. The allegations set forth in paragraph 37 of the Am. Compl. consist of Plaintiffs' legal position, argument, and/or conclusions, which require no response. To the extent that a response may be required, denies the allegations insofar as they consist of Plaintiffs' characterizations of New York State law prior to enactment of the Rifle Law, which speaks for itself and is the best evidence of its contents.

38. The allegations set forth in paragraph 38 of the Am. Compl. consist of Plaintiffs' legal position, argument, and/or conclusions, which require no response. To the extent that a response may be required, denies the allegations insofar as they consist of Plaintiffs' characterizations of New York State law prior to enactment of the Rifle Law, which speaks for itself and is the best evidence of its contents.

39. The allegations set forth in paragraph 39 of the Am. Compl. consist of Plaintiffs' legal position, argument, and/or conclusions, which require no response. To the extent that a response may be required, denies the allegations insofar as they consist of Plaintiffs' characterizations of New York State law prior to enactment of the Rifle Law, which speaks for itself and is the best evidence of its contents.

40.   The allegations set forth in paragraph 40 of the Am. Compl. consist of Plaintiffs' legal position, argument, and/or conclusions, which require no response.  To the extent that a response may be required, denies the allegations.

41.   The allegations set forth in paragraph 41 of the Am. Compl. consist of Plaintiffs' legal position, argument, and/or conclusions, which require no response.  To the extent that a response may be required, denies the allegations.

42.  The allegations set forth in paragraph 42 of the Am. Compl. consist of Plaintiffs' legal position, argument, and/or conclusions, which require no response.  To the extent that a response may be required, denies the allegations.

43.  The allegations set forth in paragraph 43 of the Am. Compl. consist of Plaintiffs' legal position, argument, and/or conclusions, which require no response.  To the extent that a response may be required, denies the allegations, and refers this Court to the Rifle Law, which speaks for itself and is the best evidence of its contents.

44.   The allegations set forth in paragraph 44 of the Am. Compl. consist of Plaintiffs' legal position, argument, and/or conclusions, which require no response.  To the extent that a response may be required, denies the allegations insofar as they consist of Plaintiffs' characterizations of New York State law prior to enactment of the Rifle Law, which speaks for itself and is the best evidence of its contents.

45.   The allegations set forth in paragraph 45 of the Am. Compl. consist of Plaintiffs' legal position, argument, and/or conclusions, which require no response.  To the extent that a response may be required, denies the allegations.

46.   The allegations set forth in paragraph 46 of the Am. Compl. consist of Plaintiffs' legal position, argument, and/or conclusions, which require no response.  To the extent that a

response may be required, denies the allegations.

47.   The allegations set forth in paragraph 47 of the Am. Compl. consist of Plaintiffs' legal position, argument, and/or conclusions, which require no response.  To the extent that a response may be required, denies the allegations.

48.   The allegations set forth in paragraph 48 of the Am. Compl. consist of Plaintiffs' legal position, argument, and/or conclusions, which require no response.  To the extent that a response may be required, denies the allegations.

49.   The allegations set forth in paragraph 49 of the Am. Compl. consist of Plaintiffs' legal position, argument, and/or conclusions, which require no response.  To the extent that a response may be required, denies the allegations insofar as they consist of Plaintiffs' characterizations of the relevant law applicable to the Second Amendment, and refers all conclusions of law to this Court.

50.   The allegations set forth in paragraph 50 of the Am. Compl. consist of Plaintiffs' legal position, argument, and/or conclusions, which require no response.  To the extent that a response may be required, denies the allegations.

51.   The allegations set forth in paragraph 51 of the Am. Compl. consist of Plaintiffs' legal position, argument, and/or conclusions, which require no response.  To the extent that a response may be required, denies the allegations.

52. The allegations set forth in paragraph 52 of the Am. Compl. consist of Plaintiffs' legal position, argument, and/or conclusions, which require no response.  To the extent that a response may be required, denies the allegations.

53.   The allegations set forth in paragraph 53 of the Am. Compl. consist of Plaintiffs' legal position, argument, and/or conclusions, which require no response.  To the extent that a

response may be required, denies the allegations, and refers this Court to the Rifle Law, which speaks for itself and is the best evidence of its contents.

54. The allegations set forth in paragraph 54 of the Am. Compl. consist of Plaintiffs' legal position, argument, and/or conclusions, which require no response. To the extent that a response may be required, denies the allegations.

55. The allegations set forth in paragraph 55 of the Am. Compl. consist of Plaintiffs' legal position, argument, and/or conclusions, which require no response. To the extent that a response may be required, denies the allegations, and refers this Court to the Rifle Law, which speaks for itself and is the best evidence of its contents.

56. The allegations set forth in paragraph 56 of the Am. Compl. consist of Plaintiffs' legal position, argument, and/or conclusions, which require no response. To the extent that a response may be required, denies the allegations, and refers this Court to the Rifle Law and the referenced section of the New York State Penal Law, which speak for themselves and are the best evidence of their contents.

57. The allegations set forth in paragraph 57 of the Am. Compl. consist of Plaintiffs' legal position, argument, and/or conclusions, which require no response. To the extent that a response may be required, denies the allegations, and refers this Court to the Rifle Law and the referenced section of the New York State Penal Law, which speak for themselves and are the best evidence of their contents.

58. The allegations set forth in paragraph 58 of the Am. Compl. consist of Plaintiffs' legal position, argument, and/or conclusions, which require no response. To the extent that a response may be required, denies the allegations.

59. The allegations set forth in paragraph 59 of the Am. Compl. consist of Plaintiffs' legal position, argument, and/or conclusions, which require no response. To the extent that a response may be required, denies the allegations.

60. The allegations set forth in paragraph 60 of the Am. Compl. consist of Plaintiffs' legal position, argument, and/or conclusions, which require no response. To the extent that a response may be required, denies the allegations.

61. The allegations set forth in paragraph 60 of the Am. Compl. consist of Plaintiffs' legal position, argument, and/or conclusions, which require no response. To the extent that a response may be required, denies the allegations,

62. The allegations set forth in paragraph 62 of the Am. Compl. consist of Plaintiffs' legal position, argument, and/or conclusions, which require no response. To the extent that a response may be required, denies the allegations, and refers this Court to the referenced case, which speaks for itself and is the best evidence of its contents.

63. The allegations set forth in paragraph 63 of the Am. Compl. consist of Plaintiffs' legal position, argument, and/or conclusions, which require no response. To the extent that a response may be required, denies the allegations.

## SUFFOLK COUNTY LICENSING BUREAU POLICIES AND PROCEDURES

64. The allegations set forth in paragraph 64 of the Am. Compl. consist of Plaintiffs' legal position, argument, and/or conclusions, which require no response. To the extent that a response may be required, denies the allegations, and refers this Court to the Rifle Law, which speaks for itself and is the best evidence of its contents.

65. The allegations set forth in paragraph 65 of the Am. Compl. consist of Plaintiffs' legal position, argument, and/or conclusions, which require no response. To the extent that a

response may be required, denies the allegations, and refers this Court to the Rifle Law, which speaks for itself and is the best evidence of its contents.

66.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 66 of the Am. Compl.

67.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 67 of the Am. Compl.

68.  The allegations set forth in paragraph 68 of the Am. Compl. consist of Plaintiffs' legal position, argument, and/or conclusions, which require no response.  To the extent that a response may be required, denies the allegations as to the Superintendent, and denies knowledge or information sufficient to form a belief as to the truth of the allegations as to Suffolk County and its employees.

69.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in 69 of the Am. Compl., and states that the Superintendent has no knowledge of, or control over, the policies and procedures of Suffolk County, and refers this Court to the Rifle Law, which speaks for itself and is the best evidence of its contents.

70. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in 70 of the Am. Compl.

71.  The allegations set forth in paragraph 71 of the Am. Compl. consist of Plaintiffs' legal position, argument, and/or conclusions, which require no response.  To the extent that a response may be required, denies knowledge or information sufficient to form a belief as to the truth of the allegations as to the Suffolk County defendants, and denies the remaining allegations, and refers this Court to the Rifle Law, which speaks for itself and is the best evidence of its contents.

72.     The allegations set forth in paragraph 72 of the Am. Compl. consist of Plaintiffs' legal position, argument, and/or conclusions, which require no response.  To the extent that a response may be required, denies knowledge or information sufficient to form a belief as to the truth of the allegations.

73.     The allegations set forth in paragraph 73 of the Am. Compl. consist of Plaintiffs' legal position, argument, and/or conclusions, which require no response.  To the extent that a response may be required, denies knowledge or information sufficient to form a belief as to the truth of the allegations as to the Suffolk County defendants.

74.     The allegations set forth in paragraph 74 of the Am. Compl. consist of Plaintiffs' legal position, argument, and/or conclusions, which require no response.  To the extent that a response may be required, denies knowledge or information sufficient to form a belief as to the truth of the allegations.

75.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 75 of the Am. Compl.

76.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 76 of the Am. Compl.

77.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 77 of the Am. Compl.

78.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 78 of the Am. Compl.T

79. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 79 of the Am. Compl .

80. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 80 of the Am. Compl.

81. The allegations set forth in paragraph 81 of the Am. Compl. consist of Plaintiffs' legal position, argument, and/or conclusions, which require no response. To the extent that a response may be required, denies knowledge or information sufficient to form a belief as to the truth of the allegations.

82. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 82 of the Am. Compl.

83. The allegations set forth in paragraph 83 of the Am. Compl. consist of Plaintiffs' legal position, argument, and/or conclusions, which require no response. To the extent that a response may be required, denies knowledge or information sufficient to form a belief as to the truth of the allegations.

84. The allegations set forth in paragraph 84 of the Am. Compl. consist of Plaintiffs' legal position, argument, and/or conclusions, which require no response. To the extent that a response may be required, denies knowledge or information sufficient to form a belief as to the truth of the allegations.

85. The allegations set forth in paragraph 85 of the Am. Compl. consist of Plaintiffs' legal position, argument, and/or conclusions, which require no response. To the extent that a response may be required, denies knowledge or information sufficient to form a belief as to the truth of the allegations.

86. The allegations set forth in paragraph 86 of the Am. Compl. consist of Plaintiffs' legal position, argument, and/or conclusions, which require no response. To the extent that a response may be required, refers this Court to the Rifle Law and the referenced sections of the

New York State Penal Law, which speak for themselves and are the best evidence of their contents.

87.   The allegations set forth in paragraph 87 of the Am. Compl. consist of Plaintiffs' legal position, argument, and/or conclusions, which require no response.   To the extent that a response may be required, refers this Court to the Rifle Law, which speaks for itself and is the best evidence of its contents.

88.   The allegations set forth in paragraph 88 of the Am. Compl. consist of Plaintiffs' legal position, argument, and/or conclusions, which require no response.   To the extent that a response may be required, denies knowledge or information sufficient to form a belief as to the truth of the allegations to the extent that they relate to the Suffolk County defendants, and denies the allegations to the extent that they relate to the Rifle Law.

89.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in 89 of the Am. Compl., and states that the Superintendent has no knowledge of, or control over, the policies and procedures of Suffolk County.

90.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 90 of the Am. Compl.

91.   The allegations set forth in paragraph 91 of the Am. Compl. consist of Plaintiffs' legal position, argument, and/or conclusions, which require no response.   To the extent that a response may be required, denies knowledge or information sufficient to form a belief as to the truth of the allegations.

92.   The allegations set forth in paragraph 92 of the Am. Compl. consist of Plaintiffs' legal position, argument, and/or conclusions, which require no response.   To the extent that a response may be required, denies the allegations.

93. The allegations set forth in paragraph 93 of the Am. Compl. consist of Plaintiffs' legal position, argument, and/or conclusions, which require no response. To the extent that a response may be required, denies the allegations.

94. The allegations set forth in paragraph 94 of the Am. Compl. consist of Plaintiffs' legal position, argument, and/or conclusions, which require no response. To the extent that a response may be required, denies the allegations.

95. The allegations set forth in paragraph 95 of the Am. Compl. consist of Plaintiffs' legal position, argument, and/or conclusions, which require no response. To the extent that a response may be required, denies the allegations.

96. The allegations set forth in paragraph 96 of the Am. Compl. consist of Plaintiffs' legal position, argument, and/or conclusions, which require no response. To the extent that a response may be required, denies knowledge or information sufficient to form a belief as to the truth of the allegations, and states that the Superintendent has no knowledge of, or control over, the policies and procedures of Suffolk County.

97. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 97 of the Am. Compl.

98. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 98 of the Am. Compl.

99. The allegations set forth in paragraph 99 of the Am. Compl. consist of Plaintiffs' legal position, argument, and/or conclusions, which require no response. To the extent that a response may be required, denies the allegations.

100. The allegations set forth in paragraph 100 of the Am. Compl. consist of Plaintiffs' legal position, argument, and/or conclusions, which require no response. To the extent that a

response may be required, denies the allegations, and refers this Court to the Rifle Law and State Police guidance, which speak for themselves and are the best evidence of their contents.

101. The allegations set forth in paragraph 101 of the Am. Compl. consist of Plaintiffs' legal position, argument, and/or conclusions, which require no response. To the extent that a response may be required, denies the allegations.

102. The allegations set forth in paragraph 102 of the Am. Compl. consist of Plaintiffs' legal position, argument, and/or conclusions, which require no response. To the extent that a response may be required, denies the allegations, and refers this Court to the Second Amendment and to relevant law applicable to the Second Amendment, which speak for themselves and are the best evidence of their contents, and refers all conclusions of law to this Court.

103. The allegations set forth in paragraph 103 of the Am. Compl. consist of Plaintiffs' legal position, argument, and/or conclusions, which require no response. To the extent that a response may be required, denies the allegations, and refers this Court to the relevant law applicable to the Second Amendment, which speaks for itself and is the best evidence of its contents, and refers all conclusions of law to this Court.

104. The allegations set forth in paragraph 104 of the Am. Compl. consist of Plaintiffs' legal position, argument, and/or conclusions, which require no response. To the extent that a response may be required, denies the allegations.

105. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 105 of the Am. Compl.

106. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 106 of the Am. Compl.

107. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 107 of the Am. Compl.

108. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 108 of the Am. Compl.

109. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 109 of the Am. Compl.

110. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 110 of the Am. Compl.

111. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 111 of the Am. Compl.

112. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 112 of the Am. Compl.

113. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 113 of the Am. Compl.

114. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 114 of the Am. Compl.

115. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 115 of the Am. Compl.

116. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 116 of the Am. Compl.

117. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 117 of the Am. Compl.

118. Denies the allegations set forth in paragraph 118 of the Am. Compl., and refers this Court to the referenced State Police guidance, which speaks for itself and is the best evidence of its contents.

119. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 119 of the Am. Compl.

120. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 120 of the Am. Compl.

121. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 121 of the Am. Compl.

122. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 122 of the Am. Compl.

123. The allegations set forth in paragraph 123 of the Am. Compl. consist of Plaintiffs' legal position, argument, and/or conclusions, which require no response. To the extent that a response may be required, denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding the referenced Plaintiff's attempt to purchase a semiautomatic rifle and Suffolk County's alleged enforcement of the Rifle Law, and denies the allegations to the extent that they relate to the Superintendent.

124. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 124 of the Am. Compl.

125. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 125 of the Am. Compl.

126. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 126 of the Am. Compl.

127.   The allegations set forth in paragraph 127 of the Am. Compl. consist of Plaintiffs' legal position, argument, and/or conclusions, which require no response.   To the extent that a response may be required, denies knowledge or information sufficient to form a belief as to the truth of the allegations.

128.   The allegations set forth in paragraph 128 of the Am. Compl. consist of Plaintiffs' legal position, argument, and/or conclusions, which require no response.   To the extent that a response may be required, denies the allegations.

129.   The allegations set forth in paragraph 129 of the Am. Compl. consist of Plaintiffs' legal position, argument, and/or conclusions, which require no response.   To the extent that a response may be required, denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Suffolk County's alleged enforcement of the Rifle Law, and denies the allegations to the extent that they relate to the State Police.

130.   The allegations set forth in paragraph 130 of the Am. Compl. consist of Plaintiffs' legal position, argument, and/or conclusions, which require no response.   To the extent that a response may be required, refers this Court to the Rifle Law, which speaks for itself and is the best evidence of its contents.

131.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 131 of the Am. Compl.

132.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 132 of the Am. Compl.

133.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 133 of the Am. Compl.

134. The allegations set forth in paragraph 134 of the Am. Compl. consist of Plaintiffs' legal position, argument, and/or conclusions, which require no response. To the extent that a response may be required, refers this Court to the Rifle Law, which speaks for itself and is the best evidence of its contents.

135. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 135 of the Am. Compl.

136. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 136 of the Am. Compl.

137. The allegations set forth in paragraph 137 of the Am. Compl. consist of Plaintiffs' legal position, argument, and/or conclusions, which require no response. To the extent that a response may be required, denies knowledge or information sufficient to form a belief as to the truth of the allegations.

138. The allegations set forth in paragraph 138 of the Am. Compl. consist of Plaintiffs' legal position, argument, and/or conclusions, which require no response. To the extent that a response may be required, denies the allegations, and refers this Court to the Second Amendment and the Rifle Law, which speak for themselves and are the best evidence of their contents.

139. The allegations set forth in paragraph 139 of the Am. Compl. consist of Plaintiffs' legal position, argument, and/or conclusions, which require no response. To the extent that a response may be required, denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Suffolk County's alleged enforcement of the Rifle Law, and denies the allegations to the extent that they relate to the Superintendent.

140. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 140 of the Am. Compl.

141.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 141 of the Am. Compl.

142.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 142 of the Am. Compl.

143.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 143 of the Am. Compl.

144.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 144 of the Am. Compl., and states that the Superintendent has no knowledge of, or control over, the policies and procedures of Suffolk County.

145.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 145 of the Am. Compl.

146.    The allegations set forth in paragraph 146 of the Am. Compl. consist of Plaintiffs' legal position, argument, and/or conclusions, which require no response.  To the extent that a response may be required, denies knowledge or information sufficient to form a belief as to the truth of the allegations, states that the Superintendent has no knowledge of, or control over, the policies and procedures of Suffolk County, and refers all conclusions of law to this Court.

147.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 147 of the Am. Compl.

148.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 148 of the Am. Compl.  With regard to the paragraph following paragraph 148 of the Am. Compl., which has been inaccurately labeled as paragraph "145," denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein.

149.  The allegations set forth in paragraph 149 of the Am. Compl. consist of Plaintiffs' legal position, argument, and/or conclusions, which require no response.  To the extent that a response may be required, refers this Court to the Rifle Law, which speaks for itself and is the best evidence of its contents.

150.  The allegations set forth in paragraph 150 of the Am. Compl. consist of Plaintiffs' legal position, argument, and/or conclusions, which require no response.  To the extent that a response may be required, denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Suffolk County's alleged delay; states that the Superintendent has no knowledge of, or control over, the policies and procedures of Suffolk County; denies the remaining allegations; and refers this Court to the Rifle Law, which speaks for itself and is the best evidence of its contents.

151.  The allegations set forth in paragraph 151 of the Am. Compl. consist of Plaintiffs' legal position, argument, and/or conclusions, which require no response.  To the extent that a response may be required, denies the allegations.

152.  The allegations set forth in paragraph 152 of the Am. Compl. consist of Plaintiffs' legal position, argument, and/or conclusions, which require no response.  To the extent that a response may be required, denies the allegations.

153.  The allegations set forth in paragraph 153 of the Am. Compl. consist of Plaintiffs' legal position, argument, and/or conclusions, which require no response.  To the extent that a response may be required, denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Suffolk County's alleged enforcement of the Rifle Law, denies the remaining allegations, and refers this Court to the Rifle Law, which speaks for itself and is the best evidence of its contents.

154. The allegations set forth in paragraph 154 of the Am. Compl. consist of Plaintiffs' legal position, argument, and/or conclusions, which require no response. To the extent that a response may be required, denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Suffolk County's policies, procedures and enforcement, denies the remaining allegations, and refers this Court to the Rifle Law, which speaks for itself and is the best evidence of its contents.

155. The allegations set forth in paragraph 154 of the Am. Compl. consist of Plaintiffs' legal position, argument, and/or conclusions, which require no response. To the extent that a response may be required, denies knowledge or information sufficient to form a belief as to the truth of the allegations.

156. The allegations set forth in paragraph 156 of the Am. Compl. consist of Plaintiffs' legal position, argument, and/or conclusions, which require no response. To the extent that a response may be required, denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Suffolk County, denies the remaining allegations, and refers this Court to the Rifle Law, which speaks for itself and is the best evidence of its contents.

157. The allegations set forth in paragraph 157 of the Am. Compl. consist of Plaintiffs' legal position, argument, and/or conclusions, which require no response. To the extent that a response may be required, denies that Dominick L. Chiumento is the current Superintendent, noting that he was replaced by Steven G. James, and refers this Court to the Rifle Law, which speaks for itself and is the best evidence of its contents.

158. The allegations set forth in paragraph 158 of the Am. Compl. consist of Plaintiffs' legal position, argument, and/or conclusions, which require no response. To the extent that a response may be required, denies the allegations.

159.  With respect to the allegations set forth in paragraph 159 of the Am. Compl., refers this Court to the referenced website, which speaks for itself and is the best evidence of its contents.

160.  With respect to the allegations set forth in paragraph 160 of the Am. Compl., refers this Court to the referenced website, which speaks for itself and is the best evidence of its contents.

161.  The allegations set forth in paragraph 161 of the Am. Compl. consist of Plaintiffs' legal position, argument, and/or conclusions, which require no response.  To the extent that a response may be required, states that the State Police take such actions as are appropriate to fulfill their duties.

162.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 162 of the Am. Compl.

163.  The allegations set forth in paragraph 163 of the Am. Compl. consist of Plaintiffs' legal position, argument, and/or conclusions, which require no response.  To the extent that a response may be required, denies the allegations, and refers this Court to the Rifle Law, which speaks for itself and is the best evidence of its contents.

164.  The allegations set forth in paragraph 164 of the Am. Compl. consist of Plaintiffs' legal position, argument, and/or conclusions, which require no response.  To the extent that a response may be required, denies the allegations.

165.  The allegations set forth in paragraph 165 of the Am. Compl. consist of Plaintiffs' legal position, argument, and/or conclusions, which require no response.  To the extent that a response may be required, denies the allegations, except admits that Plaintiffs purport to bring this action seeking the relief specified in said paragraph, but denies that they are entitled to any

such relief.

166.   The allegations set forth in paragraph 166 of the Am. Compl. consist of Plaintiffs' legal position, argument, and/or conclusions, which require no response.   To the extent that a response may be required, admits that Plaintiffs purport to bring this action seeking the relief specified in said paragraph, but denies that they are entitled to such relief.

167.   The allegations set forth in paragraph 167 of the Am. Compl. consist of Plaintiffs' legal position, argument, and/or conclusions, which require no response.   To the extent that a response may be required, denies the allegations as to the Superintendent, except admits that Plaintiffs purport to bring this action seeking the relief specified in said paragraph, but denies that they are entitled to any such relief.

## COUNT I

168.   With respect to the allegations set forth in paragraph 168 of the Am. Compl., repeats every response to every paragraph referenced therein.

169.   The allegations set forth in paragraph 167 of the Am. Compl. consist of Plaintiffs' legal position, argument, and/or conclusions, which require no response.   To the extent that a response may be required, denies the allegations as to the Superintendent, except admits that Plaintiffs purport to bring this action based on the legal theories specified in said paragraph, but denies that they are entitled to any such relief.

## COUNT II

170. With respect to the allegations set forth in paragraph 170 of the Am. Compl., repeats every response to every paragraph referenced therein.

171. The allegations set forth in paragraph 171 of the Am. Compl. consist of Plaintiffs' legal position, argument, and/or conclusions, which require no response.   To the extent that a

response may be required, admits that Plaintiffs purport to bring this action against Suffolk County based on the legal theories specified in said paragraph, but denies knowledge or information sufficient to form a belief as to whether Plaintiffs are entitled to relief as against Suffolk County.

## DEMAND FOR RELIEF

172.   With respect to the "WHEREFORE" Clause set forth in the Am. Compl., admits that Plaintiffs seek the relief specified therein, but denies that they are entitled to any such relief as against the Superintendent.

### AS AND FOR THE FIRST AFFIRMATIVE DEFENSE

173.   The Am. Compl. fails to state a claim against the Superintendent upon which relief can be granted.

### AS AND FOR THE SECOND AFFIRMATIVE DEFENSE

174.    Plaintiffs' claims are barred, in whole or in part, for lack of standing, or the Court otherwise lacks subject-matter jurisdiction over the case.

### AS AND FOR THE THIRD AFFIRMATIVE DEFENSE

175. Plaintiffs' claims are barred on the ground that the actions challenged, and harms purportedly suffered, are not traceable to or proximately caused by the Superintendent.

### AS AND FOR THE FOURTH AFFIRMATIVE DEFENSE

176. Plaintiffs' claims are barred in whole or in part by sovereign or Eleventh Amendment immunity.

### AS AND FOR THE FIFTH AFFIRMATIVE DEFENSE

177. Plaintiffs Dark Storm Industries, LLC and Edward Newman's claims are barred on the grounds that: (1) regulations of the commercial sale of firearms do not burden Second

Amendment rights; and (2) they have not made the requisite showing to derivatively assert their customers' Second Amendment rights.

## AS AND FOR THE SIXTH AFFIRMATIVE DEFENSE

178. Plaintiffs' claims are barred on the ground that the Rifle Law does not unconstitutionally burden Second Amendment rights.

## AS AND FOR THE SEVENTH AFFIRMATIVE DEFENSE

179. Plaintiffs' claims are barred on the ground that the Second Amendment does not support the alleged unconstitutionality of the Rifle Law.

## AS AND FOR THE EIGHTH AFFIRMATIVE DEFENSE

180. Plaintiffs' claims are barred on the ground that the Rifle Law is a presumptively constitutional shall-issue licensing statute.

## AS AND FOR THE NINTH AFFIRMATIVE DEFENSE

181. Plaintiffs' claims are barred on the ground that the Rifle Law is "consistent with this Nation's historical tradition of firearm regulation."

## AS AND FOR THE TENTH AFFIRMATIVE DEFENSE

182. Plaintiffs' claims are barred because they cannot establish that "no set of circumstances exists" under which the Rifle Law can be constitutionally applied.

WHEREFORE, the Superintendent respectfully requests that the Court enter judgment in his favor, dismissing all claims against him with prejudice, and granting costs and other relief as the Court may deem just and proper.

Dated:   Hauppauge, New York
           October 16, 2024

LETITIA JAMES
Attorney General
State of New York
    Attorney for Defendant Steven G. James

By: *Patricia M. Hingerton*
Patricia M. Hingerton
Robert E. Morelli
Assistant Attorneys General
300 Motor Parkway, Suite 230
Hauppauge, New York 11788
(631)231-2424
Patricia.Hingerton@ag.ny.gov
Robert.Morelli@ag.ny.gov

To: All Counsel via ECF