**COUNTY OF SUFFOLK**



**EDWARD P. ROMAINE**
**SUFFOLK COUNTY EXECUTIVE**

**CHRISTOPHER J. CLAYTON**                                                **DEPARTMENT OF LAW**
**COUNTY ATTORNEY**

*Via ECF*

October 28, 2024

Hon. Gary R. Brown
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

    Re:  *McGregor v. Suffolk County, et al.*, 23-cv-1130 (GRB)(ARL)

Dear Judge Brown:

  By this letter, Defendants County of Suffolk ("the County"), Suffolk County Police Commissioner Rodney Harrison and Suffolk County Police Lieutenant Michael Komorowski (collectively "Defendants") respectfully report that on October 24, 2024 the Court of Appeals for the Second Circuit issued a decision (attached) on remand from the United States Supreme Court, which revised the Second Circuit's prior decision in *Antonyuk v. Chiumento*, 89 F.4th 271 (2d Cir. 2023), *judgment vacated sub nom. Antonyuk v. James*, 144 S. Ct. 2709 (2024). On remand, the Second Circuit, reached the same conclusion reached by the Court in its prior opinion. It is submitted that the Second Circuit's decision on remand of *Antonyuk* does not affect the merits of the County's opposition to Plaintiffs' Motion for Summary Judgment, s*ee* DE 66, since the remanded decision does not alter any of principles for which Defendants' opposition memorandum of law cited *Antonyuk*.

  In addition, by this correspondence, Defendants report that the County changed its licensing procedures on October 18, 2024 in the aftermath of a decision issued by New York State Supreme Court, Suffolk County on September 19, 2024. That decision denied Respondent's motion to dismiss Petitioner Paul Felice's Article 78 Petition, which sought an order compelling the County Licensing Officer to accept Petitioner's application for a semi-automatic rifle license.

**LOCATION**         **MAILING ADDRESS**
**H. LEE DENNISON BLDG.**     **P.O. BOX 6100**          **(631) 853-4049**
**100 VETERANS MEMORIAL HIGHWAY** &diams; **HAUPPAUGE, NY 11788-0099**  &diams;  **TELECOPIER (631) 853-5169**

*Felice v. Waring*, Ind. No. 613381/2024 (attached).[1] Justice Liccione, J.S.C., held that "Respondent, as a licensing officer, has no authority under Penal Law § 400.00 to bar petitioner from re-applying for a license." *Id.*, p. 4. The Justice also found that the County could not require an applicant for a semi-automatic rifle ("SAR") to fill out a county questionnaire for an application for a pistol license prior to submitting the state application for a SAR. *Id.* pp. 3-4. Finally, the Justice found that the Article 78 Petition established "a cognizable claim that in refusing to accept Felice's application for a semiautomatic rifle license, respondent failed to perform a duty enjoyed upon it by Penal Law § 400.00 (4-a)." *Id.* p. 5.

On October 21, 2024, the County determined that going forward: (1) its Pistol Licensing Bureau ("PLB") would accept the New York State application for a SAR if a non-license holder sought a license for a SAR; and (2) the PLB would not place a time bar on the ability of any applicant whose pistol or semi-automatic license application had been denied from reapplying for a license. These changes in County policy render moot most of the claims in the First Amended Complaint ("FAC") against the County, as shown by the following analysis.

**Plaintiff McGregor**.

McGregor complained that he was unable to purchase a SAR from certain vendors because he "did not have a Rifle License and his handgun license did not contain a rifle endorsement." DE 47, FAC, ¶ 109. He also complained that the PLB "recognized his handgun license as being sufficient [for a SAR], and that no separate rifle license or endorsement was necessary to purchase a semiautomatic rifle," DE 47 ¶ 113, a position that allegedly prevented him from purchasing SARs from firearms vendors.

As of October 18, 2024, the County began recognizing applications for SAR licenses as distinct and separate from applications for pistol licenses, such that an individual who does not possess a pistol license may be entitled to receive a SAR license. In addition, on or about the third week of September 2023, PLB began endorsing the back of pistol licenses for SAR licensing purposes. DE 69-2, Komorowski Affidavit, ¶ 20. Indeed, McGregor pleaded that his pistol license was endorsed for a SAR on October 11, 2023. DE 47, ¶ 120.

As a result, McGregor's complaint that he could not purchase a SAR because he did not possess a separate license or endorsement for a SAR has been mooted by changes in County policy whereby SAR licenses may be issued to individuals who do not possess pistol licenses and whereby the licenses of individuals who do possess pistol licenses are endorsed for SARs.

The only claim raised by McGregor in the FAC which is not rendered moot by the recent changes in PLB licensing procedures is his claim that the County requires SAR purchases to be separately registered on his firearms license. However, McGregor is no longer subject to the PLB's registration requirement for SARs. On October 21, 2024, he submitted to the PLB a form amending his pistol license to reflect that he has moved to Westchester County, a county which, as he alleged in the FAC, does not require SARs to be registered on firearms licenses. *See* DE 47, ¶ 115. Accordingly, McGregor no longer possesses standing to pursue his objection to the PLB's registration requirement for SARs.

---

[1] Petitioner Paul Felice is also a plaintiff in the federal action herein.

**Plaintiff Giambalvo**.

Giambalvo alleged in the FAC that he was "still waiting for his handgun license to be issued." DE 47, ¶ 124 As an individual who did not possess a pistol license, he alleged that that he "cannot obtain a Rifle License from SCPD because there is no process to obtain one." DE 47, ¶ 124. Giambalvo's complaint that he cannot purchase a SAR because he does not possess a pistol has been mooted by the County's institution of a policy allowing unlicensed individuals to apply for a SAR by submitting the state application for a SAR to PLB.

**Plaintiff Felice**.

Like Giambalvo, Felice alleged in the FAC that he applied for a handgun license and "is still waiting for his license to be issued." DE 47, ¶ 135. He further alleged that "SCPD's exorbitant licensing delays are preventing [him] from possessing handguns *and* from purchasing semiautomatic rifles." DE 47, ¶ 137 (emphasis in original). His claim that he cannot acquire a SAR because he does not possess a pistol license is now moot as Felice no longer needs to acquire a pistol license before applying to PLB for a SAR. Rather, he may now apply directly to PLB for a SAR license by utilizing the state application for a SAR.

**Plaintiff Olivieri**.

Olivieri alleged in the FAC that he "does not hold a New York State handgun license" and that he "had no intention to apply for a handgun license just to be able to purchase semiautomatic rifles." DE 47, ¶¶ 143, 145. He complained that he was unable to "obtain a Rifle License from SCPD because SCPD has no process for an individual to obtain one." DE 47, ¶ 144. Olivieri's complaint is now moot as the County has implemented a procedure for an individual who does not possess a rifle license to submit the state application for a SAR directly to PLB.

**Plaintiffs Ed Newman and Dark Storm Industries ("DSI").**

Newman and DSI complained in the FAC that DSI's "customers and potential customers who do not hold a New York State handgun license and therefore cannot obtain a rifle endorsement from SCPD for 2-3 years, are unable to purchase, transfer, and receive semi-automatic rifles." DE 47, ¶ 153.This claim is rendered moot by the fact that DSI's customers are no longer required to possess a pistol license before applying to PLB for a license for a SAR.

**LOCATION**            **MAILING ADDRESS**
**H. LEE DENNISON BLDG.**       **P.O. BOX 6100**                      **(631) 853-4049**
**100 VETERANS MEMORIAL HIGHWAY   ♦   HAUPPAUGE, NY   11788-0099      ♦      TELECOPIER (631) 853-5169**

**Conclusion**.

    The purpose of this correspondence is to notify the Court that the Second Circuit has issued a decision in *Antonyuk* on remand; to inform the Court of changes in County policy; and to provide the Court with an analysis of the effect of those policy changes on the allegations in the FAC. The Defendants will submit their arguments regarding mootness and standing in greater detail upon the refiling of their opposition to Plaintiffs' summary judgment motion. .

                    Very truly yours,

                    Christopher J. Clayton
                    Suffolk County Attorney

                    */s/ Anne C. Leahey*
                    By: Anne C. Leahey
                    Assistant County Attorney

**LOCATION**                       **MAILING ADDRESS**
**H. LEE DENNISON BLDG.**          **P.O. BOX 6100**                           **(631) 853-4049**
**100 VETERANS MEMORIAL HIGHWAY**  ♦   **HAUPPAUGE, NY 11788-0099**     ♦     **TELECOPIER (631) 853-5169**