

November 13, 2024

**VIA ECF**

Hon. Gary R. Brown
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

    Re:    *McGregor v. Suffolk County, et al.* 23 Civ. 1130 (GRB)(ARL)

Dear Judge Brown,

I represent the plaintiffs in the above-referenced matter. I write in accordance with the Court's October 31, 2024 text Order to provide a status update defining the remaining issues in this case, if any, on or before November 15, 2024.

By way of brief background, the complaint challenges the constitutionality of a New York State firearms regulation and two (2) Suffolk County policies.

The challenge to the 2022 Senate Bill 9458 (the "Rifle Bill") encompasses, *inter alia*, challenging (a) requiring a license to possess a common long gun; (b) criminal penalties for selling/transferring SARs to unlicensed individuals, (c) criminal penalties for unlicensed individuals who take ownership of SAR without a license, (d) requiring individuals to register every newly acquired SAR to the back of their licenses, as has been the requirement for handguns, and (e) in that same connection, requiring permission form the local licensing officer to amend one's license to add/delete a SAR before one can take possession of the SAR.

The challenge to Suffolk County's policies included the defendants' refusal to (a) endorse existing pistol licenses to allow the licensee to take possession of a SAR, and (b) establish a process by which individuals could apply for a SAR license without having to also apply for a pistol license.

***New York State Police Superintendent***
Plaintiffs intend to discontinue their claims against the NYSP Superintendent, as Suffolk County is enforcing the Rifle Bill in its entirety. Declaratory and injunctive relief against the County defendants will provide the plaintiffs with the relief they seek without having to continue against the Superintendent. In that connection, Plaintiffs will not oppose a motion by the State to intervene.

*Suffolk County Change in Policy*

Since the commencement of this lawsuit, Suffolk County has made two (2) changes to its policies. Between September 2023 and September 2023, the County defendants refused to issue licenses that would allow the holders to take ownership of (purchase) semiautomatic rifles (SARs) and/or to endorse existing pistol licenses, and refused to institute a process by which individuals could apply for a SAR license only (as opposed to applying for a pistol license and seeking a SAR endorsement).

As a result of this litigation, in September 2023, the Licensing Bureau began to allow licensees to seek an endorsement of their existing pistol license authorizing the licensee to take ownership of (purchase) SARs.

As a result of a Mandamus proceeding brought by plaintiff Paul Felice in state court, in October 2024 the Licensing Bureau began accepting the statewide required PPB-3 application solely for the purpose of applying for a SAR license. The County defendants still refuse to accept the PPB-3 for handgun licensing at presentment, as Defendant Michael Komorowski, Commanding Officer of the Suffolk County Police Department (SCPD) Licensing Bureau recently testified to during his deposition.[1]

*Michael McGregor: Endorsing Existing Pistol Licenses to Allow for Semiautomatic Rifle Purchase*

As a result of the September 2023 change in policy whereby Suffolk County will now endorse existing pistol licenses to reflect the SAR endorsement (the 'endorsement policy'), plaintiff Michael McGregor was able to have his pistol license amended by the Licensing Bureau and thereafter able to purchase/take possession of SARs.

With respect to McGregor's claims about the 'endorsement policy,' he is no longer seeking injunctive relief.[2] However, McGregor's claims for monetary damages for the defendants' violation of his Second Amendment rights arising from the endorsement policy remain. McGregor's monetary claims for past constitutional harms are only affected by the change in policy to the extent that the timeframe for such damages ends in and around September 2023. The County has expressed an interest in deposing McGregor to explore the extent of his monetary damages after summary judgment motions have been decided; a subsequent hearing to determine the amount of compensatory, punitive, and nominal damages by the Court remains.

*Paul Felice: Policy Changes From the October 2024 Article 78 Proceeding*

Paul Felice challenged the Rifle Bill in its entirety, as well as the fact that Suffolk County had no process for an individual to apply for only a SAR license. Felice applied for a pistol license and was denied in January 2024 for "failure to provide a doctor's note." Felice, who already lawfully owns rifles and has passed every NICS background check he has undergone to make such purchases, then attempted to apply for a SAR license only by filing the NYS PPB-3 application in person with the Licensing Bureau in May 2024. Felice was turned away because the Licensing Bureau will not accept a PPB-3 application (notwithstanding Penal Law § 400.00(4-b) mandating that licensing officers "shall" accept applications "for processing…at the time of presentment").

---

[1] Komorowski also testified that the printed licenses all depict the words "pistol license" on the top left front side of the card. In reality, therefore, there is no rifle-only license issued by the Licensing Bureau.

[2] While a defendant's voluntary cessation of challenged conduct are insufficient to moot claims for equitable relief, McGregor has moved from the county and, thus, there is no likelihood that as-and-between the parties McGregor will be affected if the County were to 'return to its old ways.' *Pinkhasov v. Vernikov*, No. 1:23-CV-3460 (OEM) (SJB), 2024 WL 2188356, at *4 (E.D.N.Y. May 15, 2024) citing *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 (1982) ("voluntary cessation of allegedly illegal conduct does not moot a case; if it did, the courts would be compelled to leave '[t]he defendant ... free to return to his old ways").

Felice then filed a Mandamus proceeding in Suffolk County Supreme Court for an order forcing the Licensing Bureau to comply with § 400.00(4-b) and accept the SAR application[3] upon presentment. The County moved to dismiss, which was flatly denied by the court. Because the court's order essentially determined the merits of Felice's petition (see attached), the County changed its policy. The Licensing Bureau will now accept SAR applications (only)[4] "upon presentment."

Defendant Komorowski, however, testified during his October 24, 2024 deposition that the eligibility requirements to receive a SAR license are the same as those for the issuance of a pistol license and that, because Felice's application for a pistol license was denied, it would be futile for Felice to apply for a SAR license because it would also be denied.

Similarly, Komorowski testified that, because plaintiff Zachary Giambalvo's application for a pistol license was denied, it would be futile for him to apply for a SAR license because it would also be denied.

*Plaintiffs' Respective Positions Going Forward*

The inquiry for Article III standing "remains focused on whether the party invoking jurisdiction had the requisite stake in the outcome when the suit was filed. *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56 (2d Cir. 2016) quoting *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 734 (2008); *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 570–71 n. 5 (1992) ("standing is to be determined as of the commencement of suit").

Michael McGregor has standing to bring his Second Amendment claims against Suffolk County. By the defendants' refusal to endorse existing pistol licenses and/or issue a SAR license for over a year, McGregor was foreclosed from engaging in presumptively protected conduct – taking possession of semiautomatic rifles – because the County defendants would not endorse his pistol license or issue him a SAR license. McGregor's retroactive monetary claims remain alive, notwithstanding the mootness of his injunctive relief claims.

Paul Felice and Zachary Giambalvo have Article III standing to challenge the Rifle Bill in its entirety. They are foreclosed from engaging in protected activity because, despite having no disqualifiers to firearm possession, they cannot obtain a SAR license which has the same eligibility requirements as a handgun license. Even though Giambalvo and Felice already lawfully own SARs, Komorowski testified that it would be futile for Felice and Giambalvo to apply for a SAR license because they would be denied.

Ed Newman and Dark Storm have derivative and organizational standing to bring their Second Amendment challenge to the Rifle Bill. Per Komorowski's testimony, in New York State, gun dealers are not only regulated by the ATF they are also regulated by the county in which they operate. Dark Storm operates in, and is regulated by, Suffolk County and is therefore regulated by Defendants. Should a firearms dealer in Suffolk County [like Dark Storm] sell a SAR to an unlicensed individual, it and its employees would be subject to criminal penalties by SCPD and the revocation of their dealer's license by the Licensing Bureau. The Rifle Bill and the County defendants' policies, therefore, foreclosed Newman and Dark Storm from selling - and their customers and prospective customers from purchasing

---

[3] The NYSP PPB-3 is the same form whether the applicant seeks a pistol license or a semiautomatic rifle license. Both licenses may be applied for in the same document. https://troopers.ny.gov/system/files/documents/2022/10/ppb-3-08-22.pdf

[4] The Licensing Bureau will still not accept the PPB-3 for pistol licenses "upon presentment," only for a SAR license.

– SARs.

Matthew Olivieri has not applied for a rifle license and does not intend to apply for one. Suffolk County's policy changes have no effect on Olivieri's claims. In *Antonyuk v. James*, No. 22-2908, 2023 WL 11963034, at *22 (2d Cir. Oct. 24, 2024) the Second Circuit again noted the difference between "challenging a rule that limits eligibility for a license" as in *United States v. Decastro*, 682 F.3d 160 (2d Cir. 2012) from "challenging a component of the application process itself" as the plaintiffs in *Antonyuk*. Olivieri's Article III standing falls in the *Antonyuk* corner. Olivieri did not refuse to apply for a SAR license because he is not eligible to obtain a license. Olivieri refuses to apply for a SAR license because the entire Rifle Bill lacks any historical analogue. While the government may be able to point to historical analogues relating to handguns to justify certain New York State licensing regulations, there is no history of regulating or licensing long guns. New York's Rifle Bill is a modern-day regulation far removed from the scope of the Second Amendment. See, e.g., *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 36 (2022) ("But to the extent later history contradicts what the text says, the text controls. Liquidating' indeterminacies in written laws is far removed from expanding or altering them") (cleaned up). There is no application of the Rifle Bill that could conceivably be applied in a constitutional manner to 'the People.'

Very truly yours,

*Amy L. Bellantoni*
Amy L. Bellantoni
Encl.