

December 6, 2024

**<u>Via ECF</u>**

The Honorable Gary R. Brown
United States District Court for the Eastern District of New York
100 Federal Plaza, Courtroom 940
Central Islip, New York 11722

Re:  <u>McGregor v. Suffolk County</u>, No. 23 Civ. 1130 (GRB) (ARL)

Dear Judge Brown,

I write pursuant to Individual Rule II(g)(1) on behalf of nonparty Letitia James, Attorney General of the State of New York, regarding her anticipated motion to intervene in this action pursuant to 28 U.S.C. § 2403(b) and Federal Rule of Civil Procedure 24(a)(1). For the reasons explained below, the Attorney General requests that the Court construe this letter as the motion itself pursuant to Individual Rule II(g)(1), waive the requirement of a pre-motion conference, and grant the Attorney General's motion to intervene for the limited purpose of defending the facial constitutionality of the Rifle Law.

The Attorney General seeks to intervene for the limited purpose of defending the constitutionality of the State laws at issue in this action, in particular certain provisions of Chapter 212 of the 2022 Session Laws of New York (the "Rifle Law") that require persons to obtain a license before purchasing or taking possession of a semiautomatic rifle. Although the parties recently stipulated to the dismissal of New York State Police Superintendent Steven G. James, whom the Attorney General represented in defending this action, Plaintiffs have made clear that they intend to continue their challenge to the constitutionality of the Rifle Law.  <u>See id.</u> at 3-4. Accordingly, because "the constitutionality of a[] statute of th[e] State affecting the public interest is drawn in question," the Attorney General may intervene as of right to defend the Rifle Law's constitutionality.  28 U.S.C. § 2403(b); <u>see</u> <u>Merrill v. Town of Addison</u>, 763 F.2d 80, 82 (2d Cir. 1985) ("the court is required . . . to permit the State to intervene and present evidence and argue on the constitutional question.").

The Supreme Court has recently re-emphasized the "deeper, constitutional considerations" supporting an attorney general's right to defend state laws in federal court, explaining that such intervention is fundamental to states' "residuary and inviolable sovereignty."  <u>Cameron v. EMW Women's Surg. Ctr.</u>, 595 U.S. 267, 277-79 (2022) (quotation omitted).  Furthermore, the Attorney General's motion to intervene is timely because the "need to seek intervention did not arise until the [Superintendent] ceased defending the state law," <u>id.</u> at 280, and granting intervention at this

stage (with no pending discovery and the anticipated next round of summary judgment briefing not yet begun) will not unfairly prejudice any of the existing parties.

        Both Plaintiffs and the Suffolk County Defendants consent to the Attorney General's motion to intervene.  See ECF No. 81 at 1.

                              Respectfully submitted,

                              James M. Thompson
                              Special Counsel
                              james.thompson@ag.ny.gov

cc:     Counsel for all parties (via ECF)