

May 9, 2025

<u>**Via ECF**</u>

The Honorable Gary R. Brown
United States District Court for the Eastern District of New York
Alfonse M. D'Amato United States Courthouse
100 Federal Plaza, Courtroom 940
Central Islip, New York 11722

Re:  <u>McGregor v. Suffolk County</u>, No. 23 Civ. 1130 (GRB) (ARL)

Dear Judge Brown,

I write on behalf of intervenor Letitia James, Attorney General of the State of New York, to provide context for this evening's duplicate filings of the cross-motions for summary judgment in this case, which concerns the facial constitutionality of New York's requirement that persons obtain a license before purchasing or taking possession of a semiautomatic rifle.

The duplicate filings stem from confusion regarding the applicability of the Court's Individual Rule II(a), which states that "[n]o motion papers may be filed until the motion has been fully briefed," and that "[t]he initial movant shall file all motion papers."  At 4:45 p.m. this afternoon, we served a copy of the Attorney General's reply brief in support of her cross-motion on the Plaintiffs, who are the initial movants on the motions for summary judgment, along with a note of thanks regarding their role in filing all motion papers under the Bundling Rule.  At 8:45 p.m. this evening, counsel for the Plaintiffs sent an email informing us that they had filed the papers regarding their summary judgment motion and most of the Attorney General's opposition papers, but had not included the Attorney General's notice of motion (or, it turned out, her reply brief), based on their understanding that "each moving party is responsible for docketing their entire motion and opposition thereto."  A similar issue appears to have occurred during the first round of summary judgment briefing, leading to the clerk's office terminating duplicate filings on August 14, 2024, as indicated by the docket entry between numbers 75 and 76.

Accordingly, we have re-filed the Attorney General's opposition and cross-motion papers as a separate motion, ECF No. 94, re-filed Plaintiffs' opposition and reply brief and reply Rule 56.1 statement as a response in opposition, ECF No. 95, and filed the Attorney General's reply brief to the docket for the first time at ECF No. 96.  We regret any clogging of the docket, but the separate filing seemed to be the only way to ensure that all papers were fully filed on the filing deadline.  We thank the Court for its time and consideration.

Respectfully submitted,

James M. Thompson
Special Counsel
james.thompson@ag.ny.gov

cc:     Counsel for all parties (via ECF)